LOLA KING *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

[39 South. Rep., 810.]

CONTRIBUTORY NEGLIGENCE. *Railroad. Alighting from moving train.*

A passenger by alighting from a slowly moving railroad train is not, under all circumstances, guilty of such contributory negligence *per se* as will preclude him from recovering of the railroad company for injuries received in so doing.

FROM the circuit court of Leflore county.

HON. A. McC. KIMBROUGH, Judge.

Miss King, the appellant, was plaintiff in the court below; the railroad company, appellee, was defendant there. The court below sustained defendant's demurrer to plaintiff's declaration, and, plaintiff declining to amend, dismissed the suit. The plaintiff appealed to the supreme court. The facts charged in the declaration are stated in the opinion of the court.

*Samuel R. Coleman,* for appellant.

Since the opinions of this court in the cases of *Georgia Pac. Ry. Co.* v. *West,* 66 Miss., 310 (6 South. Rep., 207); *Wooten* v. *Mobile, etc., R. R. Co.,* 79 Miss., 36 (29 South. Rep., 61); and *Toler* v. *Yazoo, etc., R. R. Co.,* 31 South. Rep., 788, the question of the contributory negligence of plaintiff in disembarking from the train while in motion should have been left to the jury. Other people had safely disembarked from the same train, and it was not plaintiff's getting off that caused the injury, but the sudden jerk of the train as it started faster to pass the station of plaintiff's destination without stopping at all.

*Mayes & Longstreet,* for appellee.

Plaintiff voluntarily undertook to alight from a moving train, which she knew at the time was in motion and which had never come to a stop at the station. Under the great majority of the decisions this constituted negligence *per se* and bars her of any recovery.

This court, in the case of *Wooten* v. *Mobile, etc., R. R. Co.,* 79 Miss., 36 (29 South. Rep., 61)—the latest and leading announcement on the question—declared: "We recognize it to be the general rule, and approve of it as wise and wholesome, that to board a train in motion is negligence as a matter of law so as to bar recovery for resulting damages. But this rule has its exceptions, and cases arise where it should be left to the jury, and we think this record discloses such a case."

In order to avoid the rule, the passenger must bring himself within the exceptions, which are—first, that he acted under great

and exceptional stress, so that his action may be presumed to have been influenced by a pressing need that was on him; second, that if he had remained on the train he would probably have received an injury.

TRULY, J., delivered the opinion of the court.

The facts of which appellant predicates her claim to recovery of damages for injuries suffered are as follows: She was a passenger on the train, intending to disembark at the town of Sidon. Upon reaching her destination the train went in on a sidetrack and stopped, and she, with other passengers, started to get off and walk to the depot, when a porter on the train—an employe of the appellee—directed her and the other passengers to remain in their seats, as the train would soon pull up and stop at the depot. When the train finally started again and had gotten near to the depot, the same porter announced the station and told the passengers to get off, the train then moving very slowly. The other passengers, in obedience to the order, all disembarked in safety while the train was so slowly moving; but appellant, being the last of the passengers, was thrown to the ground, as she attempted to alight, by a sudden start caused by the train going faster than it had been moving. Said train did not, in fact, come to a full stop at the station of Sidon. To the declaration setting out these facts the appellee interposed a demurrer, which was by the court sustained.

This was error. Under the facts stated, the question of whether the negligence of appellee's employe was the proximate cause of the injury, or whether appellant was guilty of contributory negligence in attempting, as directed, to disembark from the train upon which she was a passenger while the train was slowly moving, and when it was manifest that, unless she did so disembark, she would be carried by and away from her destination, ought to have been submitted to the decision of a jury. We decline to hold that under any and all circumstances the attempt

---
Statement of the case.
---

of a passenger to disembark from a slowly-moving train is *per se* such negligence as must inevitably preclude recovery. We quote from and approve the decision of this court in *Wooten* v. *Railroad,* 79 Miss., 36 (29 South. Rep., 61): "We recognize it to be the general rule, and approve of it as wise and wholesome, that to board a train in motion is negligence as matter of law, so as to bar recovery for resulting damage. But this rule has its exceptions, and cases arise where the question should be left to the jury, and we think this record discloses such a case. In truth, where it is a passenger who attempts to get off or on a slowly-moving train, the instances are rare where the court should take the case from the jury, and it should only be done, in the case of a passenger, where the rashness in the act appears, so that a verdict for him ought not to be sustained. No fixed and invariable rule can be announced, since each case must depend on its own facts." And we again affirm the doctrine there announced.

*Reversed and remanded.*