ADAMS MACHINE COMPANY *v.* ALEXANDER C. THOMAS.

[39 South. Rep., 218.]

SET-OFF. *Unliquidated damages.   Recoupment.   Harmless error.*

In a suit for the purchase money of machinery, the failure of the trial court to sustain plaintiff's demurrer to defendant's plea seeking to set off unliquidated damages will not be reversible error if the plea would have been good framed as a plea of recoupment and be restricted on the trial to the legitimate scope of such a plea.

FROM the circuit court of, first district, Chickasaw county.

HON. EUGENE O. SYKES, Judge.

The Adams Machine Company, appellant, was the plaintiff in the court below; Thomas, the appellee, was defendant there. From a judgment in favor of the defendant the plaintiff appealed to the supreme court.

To the declaration of the plaintiff, based upon promissory notes given for an engine and boiler, defendant filed the following plea:

"And for further plea in this behalf defendant says that, prior to the execution of the contract and notes in the plaintiff's declaration set forth, the plaintiff, by its superintendent, Robert Adams, and W. T. Adams and others duly authorized thereto, offering to sell to the defendant the engine and boiler and other property mentioned in said contract and notes, did then and there warrant and represent that the said engine and boiler were comparatively new, and in fact as good as new, and had not been run and used more than about three months, and that said engine, with all of the attachments mentioned in the contract, was in good working order and worth the actual cash value of $835; that the defendant, relying upon said warranty and representations, then and there purchased said engine and boiler and all other property mentioned in plaintiff's declaration for the sum of $835, and entered into and signed and delivered said contract and notes, as set forth in the declaration; that said engine and boiler, at the time of said warranty and sale, were not comparatively new, nor as good as new, and had not been in use only about three months, as represented and warranted, but, on the contrary, the said engine and boiler were old and in bad condition, and had been in use and operation for many years; that said engine and boiler and other property mentioned in said contract and notes are worth $500 less than they would have been if said engine and boiler had been as represented and warranted by the plaintiff; that by reason of the premises the

defendant has been damaged $500, which he asks to be set off against the amount, if any, which plaintiff may prove in his favor on the trial of this action. And this he is ready to verify."

The plaintiff filed the following demurrer to defendant's said plea:

"Now comes plaintiff in this cause and demurs to so much and such parts of defendant's special plea as seek to set off certain amounts against plaintiff's demand, for the reason that such damages as are alleged in such special plea are unliquidated."

The court gave the following instruction at the request of the defendant:

"The court instructs the jury that if they believe from the evidence that the plaintiff, through its authorized agent or agents or officers, represented to defendant that the engine and boiler, or either, were comparatively new, or as good as new, and had not been run more than three months, and they further believe that the engine or boiler was not comparatively new, or as good as new, or as represented, and that defendant was damaged thereby, they will find for the defendant the amount of his damage and place it as a credit on the demand of plaintiff; and if they believe that the damage to defendant equals the demand of the plaintiff, they will find for the defendant, and their verdict will be: 'We, the jury, find for the defendant.' "

*Ford & Haman,* for appellant.

The court erred in overruling plaintiff's demurrer to defendant's second special plea. There is no rule of law more definitely settled than that unliquidated damages cannot be used as a set-off. *Casper* v. *Thigpen,* 48 Miss., 635. There is a clear distinction between the plea of set-off and the plea of recoupment. The pleas depend upon their respective forms. *Fowler* v. *Payne,* 49 Miss., 32.

The plea is insufficient in law, and constitutes no defense. It sets up no damages in recoupment. To be a plea of recoupment

it must be framed for recoupment.   *Fowler* v. *Payne, supra;*
*Troy Grocery Co.* v. *Potter,* 36 South. Rep. (Ala.), 12.

*N. W. Bradford,* and *R. H. Knox,* for appellee.

The demurrer to defendant's second plea was properly over-
ruled.   This plea clearly sets up damages by way of recoupment,
and is good in form and substance for that purpose.   2 Abbott's
Forms of Pleading, 1585; *Red Wing Mfg. Co.* v. *Moe* (Wis.),
22 N. W. Rep., 414; *Fisk* v. *Tank,* 12 Wis., 276.   If this be
true, it necessarily follows that the court committed no error in
granting the instruction asked for by defendant and refusing
the peremptory instruction asked for by plaintiff.   The evidence
is fully sufficient to sustain the verdict of the jury.

TRULY, J., delivered the opinion of the court.

The objection of counsel for appellant to the technical form of
appellee's second plea is sound, and it would have been proper
practice on the part of the trial judge to have sustained the
demurrer and permitted an amendment to the verbiage.   But as,
by the instruction granted the appellee, the effect of the plea
under the proof introduced in support thereof was clearly
restricted to its legitimate scope as a plea in recoupment, we are
unable to see that appellant was prejudiced by the course
adopted.   The defense relied on by the appellee could have been
properly interposed by way of recoupment, and as no judgment
over was taken against the appellant, no harm was done.

We decline to disturb the finding of the jury on the facts.   The
testimony, which was accepted as true, fully sustained the allega-
tion of misrepresentation in the sale and consequent breach of
warranty.

*Affirmed.*