## HOOVER COMMERCIAL CO. *v.* HUMPHREY.

### [66 South. 214.]

1. SET-OFF AND COUNTERCLAIM. *Claims based on denial of plaintiff's right. Mutuality of claims. Appeal and error. Harmless error. Submission of issues.*

   Code of 1906, section 745, providing that, where a mutual indebtedness exists between plaintiff and defendant, defendant may plead and set-off against the demand of plaintiff any debt which he may have against plaintiff, contemplates a mutual indebtedness between the parties. This implies that there was a dealing together between them, so that each became indebted to the other. "Mutual" means reciprocally acting, giving, receiving, interchanging, so that a claim of set-off based upon a total denial of plaintiff's right of action cannot be pleaded.

2. WORDS AND PHRASES. *"Mutual account."*

   A mutual account is one in which there must be reciprocal demands and charges by each party against the other, like accounts between merchants. If the demand is only on one side, the account is not mutual.

3. SET-OFF AND COUNTERCLAIM. *Recoupment. Necessity of mutuality of claims.*

   Recoupment is a defensive, rather than an offensive, proceeding. It has in view a claim in behalf of each contending party. It will not apply, where it is necessary to show that plaintiffs have no right of action, in order to sustain defendant's claim.

4. APPEAL AND ERROR. *Harmless error. Submission of issues.*

   In a suit for damages caused by a seller's failure to deliver cotton of the grades contracted for, if the court erred in instructing the jury to disallow defendant's claim of set-off based on plaintiff's refusal to accept the cotton tendered, which it alleged was of the grades contracted for, such error was harmless, where evidence as to defendant's loss by the rejection of the cotton was admitted, and the question whether the cotton tendered was equal to the sample by which it was sold was clearly submitted to the jury and decided against the defendant.

APPEAL from the circuit court of Holmes county .
HON. MONROE McCLURG, Judge.

Suit by W. H. Humphrey, survivng partner of Humphrey's & Co., against the Hoover Commercial Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Noel, Boothe & Pepper,* for appellant.

The court erred in excluding the evidence offered by appellant in the way of set-off and recoupment, based on evidence that cotton similar to that contracted for was tendered to appellees and rejected, except two bales, and the rejected portion sold at a loss of two hundred and forty dollars. The idea of the lower court that no offset is permissible unless some liability of defendant is admitted, is directly contrary to the recent holding of this court. *Hairston* v. *Montgomery,* 59 So. 793.

The defense excluded by the court, or rather the counterclaim, for two hundred and forty dollars amounts to rejection of the testimony offered in behalf of appellant, and was a ruling not only as to the nature of the defense, but as to weight of evidence sustaining it, and was erroneous. *Adams Mch. Co.* v. *Thomas,* 87 Miss. 391; *Bank of Greenville* v. *Kreitchmer,* 91 Miss. 617.

There was no cotton delivered, no money paid and no writing signed at the time of the oral trade for the cotton; and according to the testimony of appellee, as well as of appellant, there was no specific agreement made as to the weight of the cotton, nor as to the number of bales of any particular grade to be delivered, nor the number to be delivered or received at any particular price. The uncertainties as to quantity and price of any specifiy grade, along with the oral features renders this contract invalid. *Berry* v. *Waterman,* 71 Miss. 499; *Williams* v. *Sayers,* 79 Miss. 52; *Crystal Ice Co.* v. *Holliday,* 64 So. 659.

We respectfully submit that the court erred in excluding the set-off and counterclaim, available under the

pleadings, either as a set-off, or recoupment; and that the court thereby ruled, in effect, on the weight of the evidence offered to sustain the line of defense made by appellant, as well as the availability of the counter-claim, in either aspect of the case; and that the court also erred in holding that the oral contract, as embodied in appellee's instruction was also valid.

*Elmore & Ruff,* for appellee.

The argument of appellant is addressed to three propositions, of which the first is: "The court erred in excluding the evidence offered by appellant in the way of set-off and recoupment, based on evidence that cotton similar to that contracted for was tendered to appellees and rejected, except two bales, and the rejected portion sold at a loss of two hundred and forty dollars."

The court did not exclude such evidence. Objection was made to it so far as it tended to support the notice of the claim of set-off. The ruling of the court on that objection was reversed and never announced. So then if plaintiffs have a cause of action, defendant has none. The existence of either absolutely negatives the existence of the other. They cannot coexist. The world is not large enough for them to exist at the same time.

There is no question about two or more inconsistent pleas; but the notice of set-off is inconsistent with itself. It makes allegations in necessary support of defendant's claim which if true destroy the foundation of plaintiff's claim; and then asks to set-off defendant's claim against plaintiff's demand.

It would be an impossibility to write a set-off or recoupment instruction in pursuance of or on the principle of defendant's notice. To illustrate, the instruction which undertook to prevent defendant's idea of the case, has not a single point of resemblance to an instruction on recoupment or set-off.

It is impossible that defendant had any right of set-off under the circumstances of this case. "The princi-

ple of set-off is unknown at common law. The right of set-off in the practice of this country is derived from the statutes of the different states, and the mode of availing of that right is also provided by their statutes." *Henry* v. *Hoover,* 6 S. & M. 418. See, also, 34 Cyc. 626; *Myer* v. *Estell,* 47 Miss. 23; *Telephone Co.* v. *Cox.,* 103 Miss. 546. We must therefore have recourse to the statute which will determine in what cases set-off is allowable.

Section 745 of the Code is the general section on set-off and its terms plainly do not include such a case as the present one. It applies to but one general class and that class is "Where a mutual indebtedness exist between the plaintiff and defendant." It provides for the judgment where the demands equal each other; where the demand of the plaintiff exceeds that of defendant; and where the demand of defendant exceeds that of plaintiff. But it does not contemplate a case where the very basis of defendant's demand shows that plaintiff never so much as had a demand.

The language of the above section is almost identical, so far as the point here discussed is identical, with section 687 of the Code of 1892; section 1551 of the Code of 1880; section 601 of the Code of 1871; and article 98, on page 493, of the Code of 1857. The language of section 63 on pages 874 and 875 of Hutchinson's Mississippi Code differs, but it shows that the cases contemplated are where plaintiff and defendant "be indebted to each other." The statutes and adjudged cases always refer to instances where plaintiff has a demand for which judgment would follow but for a demand on the part of defendant which satisfies plaintiff's demand *pro tanto.* Of such kind, it is submitted, is the case of *Haiston* v. *Montgomery,* 59 So. 793, referred to in appellant's brief.

The present case, it is believed, cannot be distinguished in principle from *Shewalter* v. *Ford,* 34 Miss. 418. In that case plaintiff paid three hundred dollars

in cash and gave his note for seven hundred and fifty dollars to defendant for the purchase money of a slave warranted to be sound. In fact the slave was diseased at the time of the sale and soon died. Plaintiff brought an action for the part of the purchase money paid in cash and also for expenses incurred for medical attention to the slave. Defendant denied the alleged unsoundness of the slave at the time of the sale and filed with his answer the note for seven hundred and fifty dollars and demanded judgment for the same.

It is equally obvious that the notice cannot be treated or regarded as in the nature of recoupment. As will be noted in the case of *Myers* v. *Estell* and *Telephone Co.* v. *Cox, supra,* recoupment is strictly defensive as distinguished from an offensive proceeding. It has for its purpose either a reduction of plaintiff's claim or its cancellation by applying a claim of defendant arising out of the same transaction, whether liquidated or unliquidated, in satisfaction *pro tanto* of plaintiff's demand. It has no field of operation in this case, because it contemplates as an essential to that operation that plaintiff shall have a cause of action and that defendant shall have a claim which he may oppose in mitigation, reduction or full satisfaction of plaintiff's demand. It cannot apply where the fact upon which it is alleged absolutely negatives the fact upon which plaintiff's demand is based. It clearly contemplates the existence at the same time of a claim in behalf of each of the opposing parties. It does not apply when the fact upon which it is based of necessity shows that the plaintiff never had a cause of action. See *Dunham* v. *Bower* (N. Y.), 33 Am. Rep. 573. It is therefore submitted that defendant's notice under the general issue was of such character as to be wholly unwarranted on either the principle of set-off or recoupment.

The second argument of appellant is that "The defense excluded by the court, or rather the counterclaim

for two hundred and forty dollars amounted to rejection
of the testimony offered in behalf of appellant, and was
a ruling not as to the nature of the defense but as to the
weight of evidence sustaining it.'' It is believed that the
argument attempted to be made above in behalf of the
correctness of the instruction against allowance of the
two hundred and forty dollars is a complete answer to
this suggestion. Moreover on the face of the instruc-
tion, the position is certainly not maintainable, inas-
much as the instruction did not purport in terms to ex-
clude or reject any testimony nor could it be said to
make any announcement as to the weight of the evidence.
That it did not do so in practice, would have been plainly
manifested, if the court had heard the argument before
the jury.

How the case cited under this head can apply in sup-
port of the proposition, is not perceived. The Kritch-
mar case was in a court of equity. The third proposition
of appellant is: ''The uncertainties as to quantity and
price of any specific grade along with the oral features
rendered this contract invalid.''

As to quantity, the undisputed evidence of Jones was
that a bale of cotton was understood in the cotton busi-
ness as being five hundred pounds. As to the price of
the specific grades, there was no disagreement as to the
fact that the price of good middling, equal in staple to
the samples selected, was to be eleven cents; and of
strict middling of a like staple, ten and five-eighths cents.
The contract called for twenty-five bales of each, but
Jones agreed to accept a performance by delivery of
more than that amount of strict middling and a corres-
pondingly less amount of good middling if Farrar should
be unable to deliver so much middling, the strict middling
price to be paid for strict middling cotton. Jones' tes-
timony was that either strict middling or good middling,
of the staple contracted for, would have brought four-
teen cents on the Yazoo city market on February 1,

1912; and Mr. J. T. Montgomery said the good middling would have brought fourteen and one-eighth cents and the strict middling would have brought one-half cent less, or thirteen and five-eighths a pound. The jury was amply warranted in fixing the damages at the sum for which the verdict was rendered, whether it had all been strict middling or all good middling or whether any part of the fifty bales had been one or the other, the loss of plaintiffs being practically and substantially the same on either grade.

No objection was made on the ground of variance. As to the oral features of the contract, it seems sufficient to say that the statute of frauds was not pleaded nor was there any objection to the evidence introduced to prove the oral contract. The case of *Berry* v. *Waterman,* 71 Miss. 499, and *Williams* v. *Sayers,* 79 Miss. 52, cited by appellant, both turned on the point as to whether title had passed; and not on whether the contract itself was valid for the purpose of grounding an action for damages thereon.

Since, by the instructions, the jury was limited in assessing damages to the difference in the contract price and the market value of the cotton at the place and time of delivery as postponed and as profits as such, did not enter as an element of damages, the case of *Crystal Ice Co.* v. *Holliday,* 64 So. 659, also cited by appellant, is authority for appellee on the enforceable validity of the contract even had the statute of frauds been pleaded.

Reed, J., delivered the opinion of the court.

This is an action brought in the circuit court by appellees, cotton buyers, against appellant, a mercantile corporation, to recover damages for breach of an oral contract of sale of fifty bales of cotton, to be delivered at a future date. The declaration alleges that the cotton was to be of certain grades, shown by samples at the time the contract was made; that the bales were to weigh

five hundred pounds each, and that the delivery was to be made during the month of November, 1911; that fifty bales were tendered by appellant, but only two were of the required staple, and appellees refused to accept, and rejected, the remaining forty-eight bales; and that appellant failed to carry out its contract and deliver the balance of the cotton. Appellants demanded judgment for seven hundred and twenty dollars, the amount they claimed as damages.

To this declaration appellant filed a plea of the general issue, and gave notice thereunder that appellees were indebted to appellant in the sum of two hundred and forty dollars, being the amount of its loss from having to sell the forty-eight bales of cotton rejected at a price less than stipulated in the contract of sale; appellant averring that the cotton tendered and refused would class equal to that of the samples shown, and should have been accepted by appellees. To further show appellant's claim of set-off, we quote the concluding part of its notice, as follows:

"And that said defendant will set off and allow the said plaintiff on the said trial so much of said sum of two hundred and forty dollars so due and owing from the said palintiffs to the said defendant against any demand of said plaintiff, to be proved on the said trial, as will be sufficient to satisfy and discharge such demand, and for judgment over in favor of defendant for the excess, according to the form of the statute in such cases made and provided; and will give in evidence that the sale set forth in this notice was the only controverted sale of cotton made by defendant to plaintiffs, and that performance, according to sample, was tendered and rejected, defendant offering to comply fully with its contract and tendering performance according to its terms."

Upon the trial the jury returned a verdict in favor of appellees for the full amount claimed. It is contended that the court erred in granting an instruction

directing the jury to "disallow the claim of defendant insisted on by way of set-off."

The claim of the plaintiff for damages from breach of contract presented in their declaration and the claim of defendant for damages from breach of contract as presented in its set-off are each based on one and the same transaction. Plaintiff entered suit against defendant for failure to deliver cotton of the staples contracted for. Defendant, by its set-off, sought to recover from plaintiff for failure to accept the cotton because it was of the staples shown by the samples. Defendant, in its plea of general issue, denied plaintiff's right of action *in toto*. Could it at the same time, by way of set-off, present the defense shown in its notice?

The law touching the plea of set-offs is found in the statutes of the state. It was said in the case of *Henry* v. *Hoover,* 6 Smedes & M. 418, that:

"The principle of set-off was unkown at common law. . . . The right of set-off in the practice of this country is derived from the statutes of the different states, and the mode of availing of that right is also provided by their statutes."

Our present statute (section 745 of the Code of 1906) reads:

"Where a mutual indebtedness exists between the plaintiff and defendant, the defendant may plead and set-off against the demand of the plaintiff any debt . . . which he may have against the plaintiff."

This language is practically the same in the Codes of 1892, 1880, 1871 and 1857.

It will be seen that the statute contemplates a mutual indebtedness between the parties. This implies that there was a dealing together between them, so that each became indebted to the other. "Mutual" means reciprocally acting, giving, receiving, interchanging.

A mutual account is one in which there must be reciprocal demands, charges by each party against the other,

like accounts between merchants.  If the demand is only on one side, the account is not mutual.

The question now before us was fully dealt with in the case of *Shewalter* v. *Ford,* 34 Miss. 417.  In that case action was brought to recover a part of the purchase money of a slave, because of the breach of warranty of soundness, the slave having died shortly after the purchase from disease existing at the time of the sale.  The defendant denied the unsoundness of the slave, and filed with his answer a note evidencing the balance of the purchase price, and demanding judgment thereon against the plaintiff.  The court decided that set-off was not a proper defense, holding that a defendant could not deny *in toto* the plaintiff's right of action, and at the same time set off in his answer a substantive and independent cause of action, inconsistent with plaintiff's claim, and involving the justice of its issue and legality, and which of itself amounts to an assertion that the plaintiff's demand is ill-founded.  We quote, as follows, from the opinion delivered in that case by Judge HANDY:

"The claim set up in the answer could be regarded in but one of two lights; either as a set-off, or as a cross-action.  It is plain that it cannot be considered as a set-off because it is based upon a total denial of the plaintiff's right of action, and has no feature of a claim for an allowance against the sum which the plaintiff might recover; and if it could be regarded as a set-off, under our laws upon the subject, it required no replication.  If it be regarded as a cross-action to recover the amount of the note, as was clearly the object, it could not be entertained; for, under no rule of practice known to our laws, can a defendant be permitted, in a case like this, to deny *in toto* the plaintiff's right of action, and, at the same time, to set up a substantive and independent cause of action inconsistent with the plaintiff's claim, and involving the issue of whether the plaintiff's demand is well-founded or not, and demand judgment upon the

ground that the plaintiff's claim is ill-founded. Hence the court acted properly in disregarding this part of the defendant's answer as immaterial."

It will be noted that since the decision in the case of *Shewalter* v. *Ford* the statute authorizing the plea of set-off has been several times re-enacted, and included in the several codes adopted since that date. By such enactment it appears that the legislature has adopted, along with the statute, the construction given by the decision in that case.

It is clear that the claim of set-off interposed by defendant in this case is "based upon a total denial of the plaintiff's right of action." It cannot be a claim for an allowance against any sum which plaintiff might recover. If plaintiffs have a right of action, then defendant has none. The existence of the right in either of the parties negatives the existence in the other. There was not a mutual indebtedness between the parties. Following the holding in *Shewalter* v. *Ford, supra,* we decided that the trial court did not err in instructing the jury to disallow the claim of appellant insisted on by way of set-off.

The notice filed by appellant can hardly be regarded as in the nature of recoupment. That is a defensive, rather than a offensive, proceeding. It has in view a claim in behalf of each contending party. It will not apply in this case, where it is necessary to show that plaintiffs have no right of action to sustain defendant's claim. *Myers* v. *Estell*, 47 Miss. 4; *Hayes* v. *Slidell Liquor Co.,* 99 Miss. 583, 55 So. 356; *Telephone Co.* v. *Cox,* 103 Miss. 541, 60 So. 641.

Even if it could be held that the court erred in giving the instruction complained of, we do not see that appellant has been harmed thereby. The appellant's testimony, touching its loss by the rejection of the forty-eight bales, was not excluded from the jury. The issue of the breach of the contract was clearly presented, and

its submission to the jury was upon the testimony introduced. Was the cotton tendered equal to the sample? This was the question for decision by the jury. The verdict of the jury resolved it against appellant. The instruction did not interfere with a decision as to whether appellant performed or breached the contract.

*Affirmed.*