# Weil Bros. *v.* Wittjen.

### [77 South. 308, Division B.]

1. Set-off and Counterclaim. *Grounds. Mutual indebtedness.*

   Where plaintiff's declaration alleged that defendant was indebted to him on cotton purchases made for plaintiff, defendant could plead as a set-off that a true accounting of such transactions showed a balance due him, since the account of each of the plaintiffs and defendant recognized mutual dealings and mutual indebtedness.

2. Pleading. *Set-off. Code* 1906, *section* 741.

   Under Code 1906, section 741, so expressly providing the general issue and a set-off may be pleaded together.

3. Set-off. *Counterclaim. Grounds. Liquidated demands.*

   Where plaintiff's declaration alleged that defendant was indebted to him on cotton purchases and defendant pleaded that a true accounting showed a balance due him, such a counterclaim is not an unliquidated demand, but is founded on contract, capable of calculation, and may be pleaded as a set-off.

4. Depositions. *Failure to answer questions. Effect.*

   Where a deposition was taken on notice, but not under the statute, it could not be treated as answers to questions propounded under the statute, but should be treated as an ordinary deposition, and if the answer was not specific it should be suppressed, but judgment should not be rendered as under the statute for the adverse party especially where the witness replied with reasonable fullness by referring to testimony taken in another deposition.

Appeal from the circuit court of Marshall county. Hon. J. L. Bates, Judge.

Suit by Weil Bros. against Hans Wittjen. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*C. Lee Crum,* for appellant.

There are three principal questions of law involved in the presentation of this case as presented by the facts above recited:

First: The demurrer filed by the plaintiff to the pleas of the defendant should have been sustained.

(a) The plea of general issue (denying, *in toto,* that defendant owes the plaintiff anything in the manner and form alleged in the declaration) and the plea of set-off. (Under which defendant obtained his judgment) should not have been pleaded in one and the same plea.

(b) Because the matters pleaded to set-off, or raise the issue of a counterclaim, cannot be pleaded with the general issue.

(c) Because the pleas show that the set-off claimed does not constitute mutual indebtedness of the parties.

(d) Because the plea of set-off constitutes a claim for unliquidated damages.

Second: The court pursued and unauthorized course in suppressing the deposition of Isidor Weil for failure to answer interrogatory 8 more fully and for failure of the notary to affix his seal to his certificates and entering the judgment appealed from.

Third: The interrogatory filed in court by the defendant to plaintiffs as non-resident parties to the suit afforded no ground whatever for the court to enter the judgment it did, for the reason that the plaintiffs had faithfully answered this interrogatory before the motion was made.

I desire to argue these three legal propositions in the order given and will present here argument to show that the court erred in overruling the demurrer. If the court below should have sustained the demurrer to defendant's plea of set-off then the judgment here appealed from must necessarily be reversed.

The right of a defendant to plead set-off, in a court of law is purely a statutory right, as the practice was not known to the common law, which has prevailed in

this state since its separate sovereignty began. *Raymond v. State,* 54 Miss. 565; *Henry* v. *Hoover,* 6 S. & M. 418, quoted with approval in *Hoover Chemical Company* v. *Humphrey* (Miss.), 66 So. 214. Section 745, Code 1906, the statutory authority in this state'at the time for a plea of set-off, provides there must be mutual indebtedness existing between plaintiff and defendant before the plea of set-off can be filed.

In the case at bar, as in the cause of *Hoover Chemical* v.. *Humphrey, supra,* it can consistently be said: "The claim of plaintiff for damages from breach of contract presented in this declaration and the claim of the defendant for damages from breach of contract as presented in its set-off are each based on one and the same transaction." "If plaintiffs have a right of action, then defendant has none. The existence of the right in either of the parties negatives the existence in the other."

This construction of the meaning and import of section 745, Code 1906, is by the latest decision of our own court and it seems unnecessary to go to the decisions of other states where the statutes being construed vary in some respects from our statute. I therefore submit that the court erred in overruling the demurrer and for this reason, if there were no other reasons to follow, the judgment appealed from should be reversed.

The claim is not pleadable in this case for the further reason that it is one for unliquidated damages, resulting, as alleged by defendant in the plea, from the fraud of the plaintiff in failing fraudulently to give an honest grading and by making false and fraudulent returns thereof, and the claim of the plaintiff is also unliquidated. 34 Cyc. 654, par. 2; *Burrus* v. *Gordon,* 57 Miss. 93; *Hayes* v. *Sliddell Liq. Co.,* 55 So. 356.

This brings us in the argument to the action of the court in suppressing the deposition of Isidor Weil for his alleged failure to answer more fully Cross-Int. No. 8 and for failure of the notary to affix his seal to his certificate.

Section 1935, Code 1906, provided that exceptions to depositions shall be filed in circuit courts in this state before the beginning of the trial, and when sustained, "the court may, in proper cases, allow time to retake the deposition. Where the notary of some distant city out of the state without knowledge of the party taking the deposition, or his attorney, fails to affix his seal and the party taking the deposition has not time nor opportunity to have the seal affixed so as to authenticate the deposition after it has been filed, I most respectfully submit, does constitute a proper case," to allow the deposition to be retaken and that the word, "may" means the court shall allow it retaken. See *Standard Life Company* v. *Temesey,* 73 Miss., 726; *Hartford* v. *Green,* 52 Miss. 332; *Jones* v. *Loggins,* 37 Miss. 546. But from every standpoint of reason and the facts and circumstances surrounding this case it clearly and unavoidably appears that the averment in the motion that plaintiff utterly failed to answer this question, is unsupported.

## CONCLUSIONS.

1. The suit of appellants is for unliquidated damages to which set-off cannot be pleaded.

2. The plea of set-off itself is a claim for unliquidated damages for the alleged fraud of appellants in their grading of the cotton in question and for this reason cannot be used as a set-off.

3. The plea of set-off filed in this case negatives mutuality of indebtedness between the plaintiff and the defendant, and for this reason cannot be pleaded as a set-off.

4. The plea of general issue, denying all liability, and the plea of set-off therewith averring facts which negative the necessary mutuality of indebtedness, cannot be pleaded together.

5.   The demurrer of the plaintiffs to the plea of set-off should therefore now be sustained, as it should have been sustained by the court below, and the judgment appealed from be reversed on this account, if for no other reason.

6.   The court below could lawfully have done no more for the failure of Isidor Weil, as a witness in his own behalf, to answer fully cross-int. 8 in his deposition and the failure of the notary public to affix his seal to the certificate than suppress the deposition of the witness and permit the trial to proceed on the merits.   Even this, under the facts shown by the record, would have been unjust and arbitrary, but for these defects in the deposition this is all that the law would have authorized or tolerated in the court below.

7.   The court below had no authority under section 1938, Code 1906, to dismiss plaintiffs' declaration and give judgment on the plea of set-off for the reason (if for no other) that the plaintiffs had, six months prior to the filing of the motion faithfully and fully answered in every detail and in every particular the interrogatory pronounced to them as non-residents.

I therefore most respectfully submit that the court should here sustain the demurrer of the plaintiffs to the plea of set-off and reverse the judgment of the court below and remand this cause for a trial on the merits.

*Lester G. Fant,* for appellee.

The record in this case presents two points to be decided by the supreme court, or rather two decisions of the circuit court of Marshall county to be  reviewed by the supreme court.

The first is the overruling of the demurrer of plaintiff to a plea of set-off filed by the defendant, the record discloses that the appellants, Weil Brothers, had the appellee, Hans Wittjen buying cotten for them at Holly Springs, Mississippi, under an agreement that they were to pay a stipulated price for the cotton at whatever grades the cotton happened to be classed by

them. Wittjen was buying cotton and shipping it to them, and they were paying him for the cotton and he was paying them for differences in loss of weights and for waste cotton, or rather for cotton gathered in sampling known as "loose." Their dealings were absolutely mutual and clearly brought the plaintiff and the defendant within the statute in Mississippi allowing set-off. (See *Hoover Commercial Company* v. *Humphrey,* 107 Miss. 810.)

To quote from the opinion of Judge REED: "Our present statute (section 745, of the Code of 1906) reads: 'Where a mutual indebtedness exists between the plaintiff and defendant, the defendant may plead and set-off against the demand of the plaintiff any debt which he may have against the plaintiff.' This language is practically the same in the Codes of 1892, 1880, 1871 and 1857. It will be seen that the statutes contemplates a mutual indebtedness between the parties. This implies that there was a dealing together between them, so that each became indebted to the other. "Mutual" means reciprocally acting, giving, receiving, interchanging. A mutual account is one in which there must be reciprocal demands; charges by each party against the other; like accounts between merchants. If the demand is only on one side, the account is not mutual.

The next and only other question raised in the record is the order of the court rendered upon the motion of defendant for judgment against the plaintiff and nonresident. Section 1938 of the Code of 1906, provides as follows: "If the testimony of a party to the suit who resides out of the state be desired by the adverse party, interrogatories to him may be filed in the clerk's office, and a copy thereof, with notice of filing, shall be given the party, or his attorney or solicitor; and if he fail to answer such interrogatories within a reasonable time, his plea shall be dismissed, if he be plaintiff or complainant, and if he be defendant, his plea or answer may

be taken off the file and judgment by default entered, or the bill be taken as confessed.''

It will be seen in the case at bar that interrogatories were filed on the —— day of ——, ——; that for various and sundry reasons on the part of plaintiffs, Weil Brothers, no answers were filed to these interrogatories for a space of so many months and then for the first time an attempted answer made. In the meantime, by an agreement with the counsel for plaintiff, a deposition was agreed on which should be in lieu of the answer to the interrogatories, and when this deposition came, the court saw at once that the non-resident plaintiff had refused, although he had had abundant time, to answer the question that was absolutely pertinent and the correct answer of which would decide the case in favor of the defendant and give him the judgment sued for in his set-off. This the court, being fully advised as to all facts and understanding the whole situation, exercised its rightful discretion that there existed at that time a willful and continual refusal on the part of the non-resident to answer pertinent questions put to him legally, and for this reason decided that this statute had been violated by the non-resident plaintiff in a willful manner and that the defendant was entitled to his judgment under this section of the Code.

ETHRIDGE, J., delivered the opinion of the court.

Weil Bros., a partnership doing business at Montgomery, Ala., composed of Isidor and Emil Weil, made a contract with Wittjen to buy cotton for them at Holly Springs, Miss. Under the contract it was provided and understood that the cotton bought under the contract was to be paid for by drafts drawn upon the plaintiffs with bills of lading for the cotton attached; that the price was to be for a certain grade, and if the cotton shipped went above the grade, Wittjen was to be credited with the difference in price above the contract grade,

and if it went below the contract grade, he was to make good by paying the difference in the value of the contract grade and the grade which the cotton actually was. To the declaration was attached as an exhibit a statement of the cotton shipped, showing numbers, weight, and price. In one column was shown the amount of loss to the plaintiffs; in another was the amount of gain. Taking the statement of Weil Bros., plaintiffs, the balance in their favor amounted to four hundred and ninety-four dollars and fifty cents.

The defendant filed a plea in the nature of an offset, to which was appended a statement of the cotton shipped, showing numbers, weights, and prices, and also showing the loss or gain on several bales, with a balance in favor of defendant of one thousand eight hundred ninety-five dollars and ten cents.

This plea was demurred to by the plaintiffs on the grounds: First, that the plea was a plea of general issue and a plea to set-off, joined in one plea; second, because the matters pleaded to set off the claim could not be pleaded in this suit; that the defense constitutes no matters of mutual indebtedness between the plaintiff and defendant; and that the plea sets up an offset for unliquidated damages. The demurrer was overruled by the court. Thereafter the defendant propounded interrogatories to the plaintiff, under Code, section 1938, in which interrogatories the plaintiffs were to furnish or answer giving the information as to transactions with the defendant, and in which the plaintiffs were requested to give the grades of the long list of cotton shipped by the defendant from Holly Springs, Miss., during the cotton season of 1913-1914, the number of bales, with marks, being attached to the interrogatory. These interrogatories were filed on the 14th day of November, 1914, and the answer of defendant was dated the 2d day of February, 1916. To this interrogatory the plaintiffs attached an answer showing grades and marks of the number of bales. On the 6th day of July, 1916, plaintiffs propounded questions

to Isidor Weil, which interrogatories by the plaintiffs were crossed by the defendant. In the particular cross-interrogatories under this deposition practically the same questions were asked Isidor Weil as had been propounded under the statute to the plaintiffs. In answer to the eighth cross-interrogatory he stated that "this information has been given previously and is in the hands of the defendant's attorney," not answering the interrogatory to this deposition in detail as in the interrogatory propounded under the statute. The cause came on for trial, and the defendant moved to strike out the pleadings and for judgment for the defendant on its cross-demand for failure of plaintiffs to answer specifically the eighth cross-interrogatory. When this motion was made the counsel for plaintiffs offered to retake the deposition if the court thought proper to do so, and have the witness answer specifically, stating to the court that the deposition had been filed only a few days, and that he had not the opportunity to inspect it before that term of court because of being engaged elsewhere. The court sustained the motion and granted final judgment for the defendant for the gross amount, from which judgment this appeal is prosecuted.

On the first proposition it was insisted by the appellant that under the authority of *Hoover Chemical Co.* v. *Humphrey,* 107 Miss. 810, 66 So. 214, a set-off cannot be maintained in this case, and that the plea of general issue and the plea of set-off cannot be pleaded together. In the present case the plaintiffs, in their declaration, recognize in or give to the defendant a claim for a certain amount on a certain number of bales of cotton, and on certain other bales and certain other shipments charge the defendant with a balance due, thus recognizing the right of defendant to an indebtedness for a certain number of bales, and charging him with amounts due plaintiff for certain other bales, and undertaking to charge him with the difference according to their contention between the two amounts. The defend-

ant in the plea of set-off makes out an account in like manner, recognizing that on certain shipments and certain bales of cotton the plaintiffs were entitled to recover of the defendant certain amounts, but contending that on certain other bales of cotton and certain other shipments the plaintiffs' were indebted to the defendant. The account of each of the plaintiffs and defendant recognized mutual dealings and mutual indebtedness, and the case of *Chemical Co.* v. *Humphrey* is therefore not applicable here. Under the statute, section 741, Code of 1906, it is expressly provided that the general issue and set-off may be pleaded together, as well as numerous other pleadings, and the court was correct in overruling the demurrer to the plea. The liability in this case is recognized, and the amount due appears certain if either the plaintiffs' or defendant's pleas were taken alone, but they differ only as to certain particular bales of cotton. This is not an unliquidated demand, but is a demand founded on contract, capable of caculation, and the only dispute is as to the questions of fact.

We think, however, the case must be reversed because of the error of the court in sustaining the motion of defendant to strike the plaintiffs' pleadings from the files, because of a failure to answer specifically the cross-interrogatories to a deposition taken by the plaintiffs. We think the interrogatories which were propounded under the statute, while there was a delay in answering them, were on file at the time the motion was made and had been on file some months, and it does not appear that there was any willful purpose to refuse to give the information called for. The plaintiffs' deposition, taken as it was in the case on notice, could not be treated as answers to questions propounded under the statute, but should be treated as an ordinary deposition, and if the answer was not specific, it should be suppressed, but judgment should not be rendered as under the statute. The answer, however, of the witness, that the information had theretofore been given and was in the possession of defend-

ant's attorney, was an adoption by reference to the statement rendered under the statute; and we fail to see where it is so uncertain and evasive as to justify the action taken by the court. It seems to us, looking at the answer and the interrogatories propounded, that the information is as specific as an ordinary, intelligent witness would ordinarily answer a similar question. It does not appear from any specifications that any information was withheld that was called for by the interrogatory.

Judgment is therefore reversed, and the cause remanded.

*Reversed and remanded.*