CRIGLER *v.* PARKER.

(Division A.   Dec. 16, 1929.)

[125 So. 111.   No. 28236.]

Mize, Mize & Thompson, of Gulfport, and **J. A. Leathers**, of Memphis, Tenn., for appellant.

**Lemuel H. Doty,** of Biloxi, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant sued the appellee in a county court for money had and received. The case was submitted to a jury which returned a verdict awarding the appellee a judgment on his counterclaim. On appeal to the circuit court the judgment was affirmed.

The record does not contain the evidence on which the case was tried, and the sole question submitted for decision is whether the appellee's counterclaim should have been considered by the court below.

The appellant's declaration alleges, in effect, that the appellee had contracted to construct and deliver to him a boat; that he had paid the appellee three hundred dollars on the amount to be paid by him therefor, but that the appellee had failed to comply with his contract, and prayed for a judgment for the money so paid to the appellee. The appellee filed a plea of the general issue, and also a special plea setting forth that he had agreed to construct a boat for the appellant at a certain price, and that, after constructing it according to contract, he agreed at the appellant's request, to do certain extra work there-

on for an agreed compensation, which work he did and tendered the boat to the appellant, and that, instead of his being indebted to the appellant, the appellant owed him a balance on the amount the .appellant had agreed to pay for the boat and the extra work thereon.

The appellant's contention is that the appellee should not have been permitted to recover on his counterclaim, for the reason that he was without the right to deny the breach of the contract alleged in the appellant's declaration, thereby denying the appellant's right to sue, and, at the same time, demand a judgment over against the appellant for the amount he claimed to be due him under the contract.

The right of a defendant, in an action at law, to file a counterclaim, is governed by section 745, Code of 1906 (section 542, Hemingway's 1927 Code), and counsel for the appellee refer to the cases of Shewalter v. Ford, 34 Miss. 417, and Hoover Commercial Company v. Humphrey, 107 Miss. 810, 66 So. 214, holding that a counterclaim or set-off, based upon a total denial of the plaintiff's right of action, cannot be pleaded by a defendant.

Assuming, for the purpose of argument, that these cases control here, nevertheless the judgment of the court below must be affirmed.

The appellant, without making any sort of objection to the appellee's plea setting forth his counterclaim, filed a replication thereto, which, in effect, denies that the appellee complied with his contract to build the boat, and that the appellee was entitled to compensation for the extra work thereon. The case was tried with the pleadings in that shape, and the record discloses no objection thereafter to the counterclaim by a requested instruction to the jury, or otherwise, until the judgment had been rendered, and then, for the first time, an objection thereto was set forth in the motion for a new trial.

The court below had full jurisdiction of the entire subject-matter of the litigation, and the appellee's right to file his counterclaim under section 745, Code of 1906 (section 542, Hemingway's 1927 Code), would have been a matter for its determination, had objection thereto been made, and, had such objection been made and overruled, its judgment would have been valid everywhere save only on appeal to this court. Instead of objecting to the counterclaim, the appellant joined issue thereto and submitted the question raised by it to the jury on the evidence, and thereby waived the right to complain thereat.

The defect, if any, in the counterclaim was apparent when issue was joined thereon, and to hold that the appellant could withhold objection thereto until after verdict would permit him to allow the trial to proceed in the hope of obtaining a favorable verdict, and, if he failed to obtain such verdict, then have the judgment rendered set aside and a new trial granted. This we cannot sanction.

Affirmed.