SHAPLEIGH HARDWARE CO., INC., *v.* BRUMFIELD *et al.*

(Division A.  Sept. 29, 1930.)

[130 So. 98.  No. 28974.]

(Division B.  Jan. 26, 1931.)

[132 So. 93.  No. 28974.]

Dabney & Dabney, of Vicksburg, for appellant.

**E. O. Whittington,** of Liberty, for appellee.

ON THE PETITION FOR WRIT OF CERTIORARI.

**Smith, C. J.,** delivered the opinion of the court.

The petition alleges, in substance, that the petitioner, Shapleigh Hardware Company, sued Brumfield and Connerly in the court below on an indebtedness alleged to be due by them, and, when the case came on to be tried, it recovered nothing, but, on the contrary, a judgment was rendered against it in favor of Brumfield and Con-

nerly on a counterclaim filed by them. The case was then brought to this court by an appeal which is now pending, and the record in the case has been filed in this court. More than six months after the rendition of the judgment this petition was filed, praying for the issuance of a writ of certiorari directing the clerk of the court below to send up the record in the case, and that it be tried and disposed of by this court on the writ of certiorari instead of on the original appeal. The petition sets forth facts, unnecessary here to disclose, which, in the opinion of the petitioner, can be availed of by it more fully in the event the case is tried here on a writ of certiorari instead of on the original appeal.

"The writ of certiorari is used for two purposes: First, as an appellate proceeding for the re-examination of some action of an inferior tribunal; second, as an auxiliary process to enable the court to obtain further information in respect to some matter already before it for adjudication." 11 C. J., p. 89, section 3. It is for the first of these purposes that the writ is here sought; in other words, the effort here is to substitute a writ of certiorari for an ordinary appeal. The Constitution does not provide the procedure for removing cases from a trial court to the supreme court, leaving the procedure therefor to be regulated wholly by the legislature from which it follows that a case can be removed from a trial court to the Supreme Court for review only in the manner provided by a statute. Dismukes v. Stokes, 41 Miss. 430; 3 C. J. 299.

Section 32, Code 1906, Hemingway's Code 1927, section 7, provides that "all cases, civil and criminal, at law and in chancery, shall be taken to the Supreme Court by appeal," and other sections of the Code designate the cases in which appeals can be taken and prescribe the method thereof. This method is exclusive of all others.

Compare Federal Credit Company v. Zeppernick Grocery Co., 153 Miss. 489, 120 So. 173.
Petition dismissed.

On the Merits.

**Anderson, J.**, delivered the opinion of the court.

Appellant brought this action against appellees in the circuit court of Amite county on an itemized sworn account for goods, wares, and merchandise theretofore sold by appellant to appellees. The amount of the account for which recovery was sought was five hundred seventeen dollars and sixty-five cents. There was a trial before the court and a jury, resulting in a verdict and judgment for appellees against appellant in the sum of eighty dollars and fifteen cents. From that judgment appellant prosecutes this appeal.

There was exhibited with appellant's declaration the itemized sworn account. Appellees pleaded the general issue, and with it a counter affidavit, setting up that they did not owe the amount sued for, five hundred seventeen dollars and sixty-five cents, or any part thereof; that appellees had not been given credit for the payment on account of five hundred twenty-seven dollars and twenty-eight cents, and for the invoice value of goods returned to appellant, nineteen dollars and eighty cents, making a total of five hundred forty-seven dollars and eight cents, which was an overpayment to appellant of eighty dollars and fifteen cents, the amount of the judgment in the appellees' favor.

In their counter affidavit appellees asked for judgment over for the eighty dollars and fifteen cents "by way of recoupment." Appellant filed a replication, denying the appellees' counterclaim of eighty dollars and fifteen cents, but admitting that appellees were entitled to a

credit of nineteen dollars and eighty cents for goods returned, and the payment by appellees of five hundred twenty-seven dollars and twenty-eight cents; but averring that such payment was made on a former account, and not on the account sued on.

At the time of the trial neither appellant nor its counsel was present; the jury was duly impaneled and trial had in their absence. In appellant's brief the claim is made that the absence of appellant and its counsel at the time of the trial was the result of some misunderstanding between the parties. However, there is nothing in the record to show that the appellant was misled by appellees as to when the trial would take place.

Appellant contends that the judgment over against it for eighty dollars and fifteen cents was on a plea of recoupment by appellees, and for that reason the judgment is void; that under the law such a plea is defensive only, and cannot be used offensively; citing, among other authorities, Sterling Products Co. v. Watkins-Gray Lbr. Co., 131 Miss. 145, 95 So. 313; and W. T. Adams Machine Co. v. Thomas, 87 Miss. 391, 39 So. 810. But the trouble with appellant's position is that appellees did not plead the eighty dollars and fifteen cents by way of recoupment, but as a set-off. It is entirely immaterial with what name appellees labeled their plea; the substance of the plea controls, and not its name. Calling a plea of set-off a plea of recoupment does not change its character from the former to the latter. Appellees' plea of set-off was filed under section 537 of the Code of 1930, and substantially complied with the requirements of the statute.

Appellant contends that the judgment is void because the pleadings, on their face, as well as the evidence in the case, show that appellees' set-off did not grow out of a mutual indebtedness between the parties. The set-off statute provides that: "Where a mutual indebtedness exists between the plaintiff and defendant, the defendant

may plead and set off against the demand of the plaintiff any debt or demand which he may have against the plaintiff," etc. "Mutual indebtedness" implies that there have been dealings between the parties, each becoming indebted to the other; each reciprocally acting, giving, and receiving. Hoover Commercial Co. v. Humphrey, 107 Miss. 810, 66 So. 214.

We think the record of this case shows exactly such mutual dealings between appellant and appellees. Both parties were merchants. Appellant was selling to appellees goods, and the latter were making payments thereon, and returning some of the goods to appellant for credit on account, as it appears they had the right to do. According to the evidence on the trial, as a result of such mutual dealings, appellees erroneously overpaid appellant the sum of eighty dollars and fifteen cents.

Appellant contends that the judgment is void, because the plea of the general issue and the plea of set-off could not be pleaded together. That contention of appellant's is denied by section 533 of the Code of 1930, which expressly provides, among other things, that "the general issue, denial of debt or contract sued on, tender in whole or in part, statute of limitations, set-off," etc., may be pleaded together. And in Weil Bros. v. Wittjen, 116 Miss. 514, 77 So. 308, it was so held.

We are of opinion that appellant's further contention that the evidence introduced on the trial was entirely insufficient to sustain the judgment is without merit.

Affirmed.