GENERAL MOTORS ACCEPTANCE CORPORATION *v.* TRULL.

(Division A. May 29, 1933.)

[148 So. 390. No. 30274.]

**G. H. McMorrough,** of Lexington, and **Royden Dixon,** of Memphis, Tennessee, for appellant.

A. M. Pepper, of Lexington, for appellee.

Argued orally by **A. M. Pepper**, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee purchased an Oldsmobile sedan from E. C. Johnson, an automobile dealer of Lexington, Mississippi, for which he paid four hundred forty-eight dollars and fifty-six cents cash, and executed a conditional sales contract for one thousand thirty-five dollars and seventy-two cents, payable in monthly installments of fifty-one dollar and fifty-four cents. The deferred payments evidenced by this contract were not payable to order or bearer, or to any certain person. The contract was assigned to the appellant, General Motors Acceptance Corporation, which maintained a branch office at Memphis, Tennessee. The appellee paid to the appellant six of the deferred payments, aggregating three hundred forty-five dollars and twenty-four cents. In the meantime, and within the period of time during which the automobile was guaranteed by the Oldsmobile Works, distributors thereof, to be free from structural defects in material and workmanship under normal use and service, according to the evidence offered by appellee, the automobile developed serious structural defects, rendering it of little or no value for use or service. This condition was reported to E. C. Johnson, the dealer who sold it to the appellee, and also to the Olds Motor Works, of Lansing, Michigan, and its branch office at Memphis, Tennessee, and unsuccessful attempts were made to repair the automobile and remedy the defects, all at a cost of ninety-one dollars and fifty cents to the appellee. Finally, at the suggestion of the service manager of the said Memphis branch of the Olds Motor Works, the automobile was sent there on the understanding that it would be put in good order without cost to appellee; but he was afterwards advised that it would be put in first class condition for fifty dollars.

Appellee declined to pay this charge, and also declined to pay further installments of the purchase price. There-

upon the appellant instituted replevin proceedings against the appellee as defendant in a justice court of the county of Shelby, state of Tennessee, under which possession of the automobile was taken, and without process for appellee, either personal or by publication, a judgment was entered awarding the possession of the automobile to the appellant. Thereafter appellant sold the automobile at private sale for three hundred eighty-five dollars, and, after crediting this sum on the balance then due under the terms of the said conditional contract of sale, instituted this suit in the circuit court of Holmes county, Mississippi, for the balance alleged to be due on the purchase price of the automobile, amounting to three hundred thirty-eight dollars and forty-four cents.

To the declaration filed, the appellee filed a plea of the general issue, and set up by way of notice thereunder, and by special plea, the alleged facts as to the condition of the automobile and the dealings of the parties therewith, and charged a breach of warranty and failure of consideration, and sought to recover over, by way of offset, all amounts paid to the said E. C. Johnson and the appellant and the amount paid out for repairs, all aggregating eight hundred eighty-five dollars and twenty-eight cents. Under instructions of the court, the jury returned a verdict over against appellant for the entire amount claimed by appellee by way of offset; and, from the judgment entered on this verdict, this appeal was prosecuted.

In support of the judgment of the court below, appellee relies principally upon the case of McNees Motor Co. v. Brumfield, 157 Miss. 132, 126 So. 898, in which it was held that, in actions on promissory notes or other writings not payable to order or bearer, the defendant shall be allowed the benefit of all want of lawful consideration, failure of consideration, payments, discounts, and

setoffs made, had, or possessed against the same previous to notice of assignment in the same manner as though the suit had been brought by the payee. In fact, the statute, section 2853, Code 1930, expressly so provides. But the construction and application of this statute, as appears in the Brumfield Case, supra, does not solve the questions presented by this appeal.

Section 537, Code 1930, provides that: ''Where a mutual indebtedness exists between the plaintiff and defendant, the defendant may plead and set off against the demand of the plaintiff any debt or demand which he may have against the plaintiff; and if it shall appear that the demand of the defendant is valid and equals the demand of the plaintiff, the judgment shall be that the plaintiff take nothing by his writ and pay the costs. And if it appear that any part of the sum demanded has been paid, but that the plaintiff's demand exceeds that of the defendant, the amount paid shall be deducted, and the plaintiff shall have judgment for the residue of his demand only, with costs of suit. But if it appear that the plaintiff is overpaid, and is indebted to the defendant, the defendant shall be entitled to judgment for the amount due to him against the plaintiff for the amount so found, with costs, and execution may issue therefor.''

It will thus be seen that it is only in cases where a mutual indebtedness exists that a defendant may plead and set off against the demand of the plaintiff any debt or demand he may have against the plaintiff and recover over against the plaintiff. In the early case of Shewalter v. Ford, 34 Miss. 417, the plaintiff sued for damages occasioned by an alleged breach of warranty of soundness of a slave purchased from the defendant. The defendant denied the alleged unsoundness of the slave at the time of the sale, and sought to therein recover on a promissory note executed for the balance of the purchase price

of the slave. In passing on the right of the defendant to recover on this note, the court said:

"The fact of the execution of the note set up in the answer was distinctly stated in the declaration, as a part of the history of the purchase of the slave; and the claim set up in the answer could be regarded in but one of two lights, either as a set-off, or as a cross-action. It is plain that it cannot be considered as a set-off, because it is based upon a total denial of the plaintiff's right of action, and has no feature of a claim for an allowance against the sum which the plaintiff might recover; and if it could be regarded as a set-off, under our laws upon the subject, it required no replication. If it be regarded as a cross-action to recover the amount of the note, as was clearly its object, it could not be entertained; for, under no rule of practice, known to our laws, can a defendant be permitted, in case like this, to deny, in toto, the plaintiff's right of action, and, at the same time, to set up a substantive and independent cause of action, inconsistent with the plaintiff's claim, and involving the issue, of whether the plaintiff's demand is well-founded or not, and demand judgment, upon the ground that the plaintiff's claim is ill-founded. Hence, the court acted properly in disregarding this part of the defendant's answer as immaterial."

In the more recent case of Canal-Commercial Trust & Savings Bank v. Brewer, 143 Miss. 146, 108 So. 424, 431, 47 A. L. R. 45, this doctrine was reannounced in the following language:

"Set-off cannot avail where there is no mutuality of indebtedness and where the defendant denies plaintiff's debt. 3 R. C. L. par. 219; Henry v. Hoover, 6 Smedes & M. 418; Shewalter v. Ford, 34 Miss. 417; Hoover Commercial Co. v. Humphrey, 66 So. 214, 107 Miss. 810. As

sustaining this proposition, Judge GRIFFITH, in Mississippi Chancery Practice, section 521, clearly states the rule as follows:

" 'When and How Set-Off is Available under the Statutes.—If the set-off under the statute is to be used only in defense to the cause set out in the bill, the set-off is preferred in the answer, but if it be for a larger demand than that sued for in the bill and a decree over is demanded then it must be by cross-bill; and in either event it must have annexed thereto the exhibits mentioned in the second section of the statutes above quoted. A set-off is not available, whatever may be the manner in which it is pleaded, if without, or independently of, the set-off the defendant make a total denial of the complainant's right of action, for the statute applies only to cases of mutual indebtedness, and there would be no mutual indebtedness for application if such a denial be true. The mutual indebtedness within the contemplation of the statute is not only one that is mutual as to parties, but there must have been also a mutual dealing so that each became indebted to the other. Mutual means reciprocally acting, giving, receiving, interchanging; and, the transactions must have been of such a nature that at the date of the institution of the suit the defendant on his part could have instituted a good separate suit against the complainant for the items constituting the set-off.' "

In the case at bar, the defendant denied in toto the plaintiff's claim, and sought to recover over by way of set-off all he had paid out on the said automobile, and, under the authorities above quoted, this cannot be done.

The judgment of the court below will therefore be reversed, and the cause remanded.

Reversed and remanded.