Graves & White *v.* Hull et al.

*W. R. Miles,* for appellee.

---

GRAVES & WHITE *v.* JOHN T. HULL et al.

It is not a valid objection to a bill on the ground of multifariousness, that it contains several distinct matters of account between the parties; for courts of equity favor such a course as tending to prevent a multiplicity of suits.

It is now the settled doctrine in equity, that if from the nature of the claim or situation of the parties, justice cannot be done at law, chancery will allow a set-off not within the statute of set-off.

If there is any part of a bill which is demurred to as a whole, to which the demurrer does not extend, the whole demurrer must be overruled.

ON appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

Graves & White *v.* Hull et al.

The facts of the case are contained in the opinion of the court.

*D. Shelton* for appellants.

The whole object of this bill is set-off of all the items of appellees' account to our judgment, and a decree over for balance.  As a bill for set-off it cannot be maintained, for as to these, chancery follows the rules of law.  3 Johns. Ch. R. 351.

There is no mutuality between the demands sued on by us and those which Hull seeks to set off, and therefore they cannot be set off against our judgment.  7 S. & M. 9 ; 3 Johns. Ch. R. 397.

By mutual debts, I mean such as are due to and from the same persons in the same capacity.  Only such as these can be set off.  3 Johns. Ch. R. 569 ; 4 Ib. 11 ; 7 S. & M. 9.

*Adamas*, *Dixon*, and *Tapley* for appellees.

A bill is not to be treated as multifarious because it joins two good causes of complaint growing out of the same transaction, where all of the defendants are interested in the same claim of right, and where the relief asked for in relation to each is of the same general character.  Story's Eq. Pl. 314, 315, § 284.

So, if the bill contains several matters, all of which may come into consideration (as for example in taking an account) as prayed for, although relief may ultimately be given in respect to some of them only, yet the bill will not be deemed multifarious.  Story's Eq. Pl. 305, 306, § 278.

Mr. Justice HANDY delivered the opinion of the court.

The appellees filed this bill in the superior court of chancery, to enjoin a judgment obtained at law in the name of the appellants, but which is alleged really to belong to the appellant Graves, and to set off against it and have applied in satisfaction of it, the following credits, to which the appellee, Hull, claims to be entitled against Graves.

1st. The judgment is alleged to be founded upon a note made by one Murphy, with Hull as his surety, to the firm of

Graves & White *v.* Hull et al.

Burton & Graves, and of which Graves subsequently became the owner for his own use and benefit. The bill states that previous to this, the firm of J. T. Hull & Co., of which Graves & Hull were partners, became the owners of a note against Burton, which Hull applied to Graves to have credited on the note to Burton & Graves, and Graves agreed that he would so credit it unless he should be compelled to pay moneys as surety for Burton; that Hull relied on this promise; but that although Graves has had nothing to pay as surety for Burton, he has not complied with his agreement; that Hull is entitled to one half of the money due on the note held by the firm of J. T. Hull & Co. against Burton; and to have it applied under the agreement of Graves to the credit of the judgment against Hull, which Graves now refuses to do. It is further alleged, that Graves had in his hands other means belonging to the firm of Burton & Graves, with which he promised to pay the note of Burton held by J. T. Hull & Co., and the bill prays that the same may be ordered to be so paid.

2d. The bill states, that in the years 1842, 1843, and 1844, Graves was indebted to Hull on sundry accounts, which Graves agreed to apply to the judgment, and Hull supposing it had been done, took no steps to collect these moneys from Graves, as he would and could have successfully done but for this agreement.

3d. The bill further states, that in 1837 a partnership in the grocery business was formed between Hull & Graves, under the name of J. T. Hull & Co., which was dissolved in 1839, but is yet unsettled between the parties, and that Hull has had the collection and settlement of the affairs of the firm, and has collected and accounted for moneys for the firm up to a short time before the filing of the bill; that Graves is largely indebted to Hull on a settlement of accounts of the firm, and has been often called upon by Hull for a settlement of the partnership accounts, and furnished with copies of accounts from the books of the concern; but that Graves has evaded a settlement, which has compelled Hull to resort to his remedy in a court of chancery. The accounts of the partners relative to the firm are exhibited,

showing a considerable balance against Graves, and in favor of Hull.

The defendants below demurred to the bill, first, because it is multifarious; second, on the ground of the claims attempted to be set off being bound by the statute of limitations.

The demurrer was overruled, and this appeal was thereupon taken.

First. We do not consider the bill as multifarious. Its main object appears to be to have satisfaction made of a judgment owned by the appellant Graves, as is alleged, against the complainant Hull. To this end he seeks first, that certain debts due by Graves to Hull be applied to the payment in part of the judgment of Graves against Hull, in compliance with the agreement of Graves so to apply and credit them, and in consequence of which and Hull's reliance upon it, his claims against Graves would otherwise be lost; and secondly, a settlement of the partnership accounts between them relating to the firm of J. T. Hull & Co., and the application of so much of the balance due thereon to Hull, to the satisfaction of the judgment of Graves against him, as may be necessary for that purpose. These matters of account and credit are all due in the same right and between the same parties, according to the allegations of the bill, which are admitted to be true by the demurrer. It is not a valid objection to a bill, on the ground of multifariousness, that it contains several distinct matters of account between the parties.  Story's Eq. Pl. § 278.  All the matters of debt and credit, though arising from several transactions, are stated to be between the same parties, and it is competent and proper to settle all the matters of account between them; and where they alone are interested, in one and the same suit.  Indeed, such a course is highly favored in courts of equity, as tending to prevent multiplicity of suits, which is one of its cherished objects.

Second. It is urged that the credits claimed by Hull are not proper subjects of set-off in equity.

As to the matters of account between the parties, apart from the partnership of J. T. Hull & Co., the scope of the bill seems rather to be to have the agreement between the parties, as

stated in the bill, carried out, by compelling Graves to give credit for the debts due to Hull, than to have the benefit of a mere set-off. As the judgment enjoined stands, it is clear that the debts alleged to be due Hull from Graves would not be the subject of a legal set-off. The equitable circumstances giving the right of set-off were, that the judgment really belonged to Graves, though nominally for the use of White, and that Graves had agreed to credit these claims, in consequence of which Hull had taken no steps to collect them, and unless that agreement is enforced, that he will lose them; and hence the necessity of resorting to a court of equity. If these facts be true, they furnish sufficient ground for relief in equity. It is now the settled doctrine in equity, that if, from the nature of the claim or situation of the parties, justice cannot be done at law, chancery will allow a set-off in a case not within the statute of set-off. 2 Paige, 404; 1 Ib. 215; Story's Eq. Juris. § 1435, 1436, 1437.

But as to the balance due Hull on the partnership account, if the statements of the bill be true, there can be no question of the jurisdiction in chancery. The bill shows that that amount could only be made available to him by relief in equity; and having been compelled to resort there for a settlement of the partnership account, he was entitled to have an account and settlement of all matters of debt and credit between them.

Third. We think that the demurrer was properly overruled as to the bar of the statute of limitations.

The demurrer in this respect, so far as it applies to matters of separate account alleged to be due Hull by Graves, is founded rather upon the idea that the claims themselves are barred by the statute, than that the agreement to give the credit should not be carried out, whereas the complainant founds his equity rather upon the agreement which he seeks to have performed, than the debts as mere legal or equitable set-offs; and in this point of view, he is entitled to the benefit of the equitable rule of having that treated or done which ought to have been done.

But the demurrer is to the whole bill, and it could not in any respect, be a bar to that part of it which seeks a settlement of the partnership account. The rule is, that if there is any part of

the bill to which the demurrer does not extend, and it is taken to the whole bill, the whole demurrer must be overruled. 17 Vesey, 280; Lubi, Eq. Pl. 255. Because a demurrer cannot be good in part and bad in part. Ib.

The decree is affirmed, and the case remanded.