FOWLER & MOORE VS. J. B. PAYNE.

1. CHANCERY PRACTICE: *Rents. Damages. Recoupment.*
Recoupment is purely defensive, and never carries with it any affirmative relief. It may operate to abate a part or the whole of the plaintiff's demand, but can never justify the rendition of a judgment over against him.

2. REPORT OF COMMISSIONERS: *Exceptions thereto.*
It is not necessary to file exceptions to a report which is erroneous in point of law, or which violates the directions upon which it was ordered to be stated. Such a report may be attacked on the motion for confirmation, or by appeal from the decree of confirmation. Exceptions are only necessary as to all matters depending on proof and confided to the judgment of the commissioner.

APPEAL from the Chancery Court of *Lauderdale* County.

Hon. J. J. DENNIS, Chancellor.

The opinion of the court contains a sufficient statement of the case to a full understanding of the principles announced. The case is before this court the second time, and for the facts in the case, as originally presented, reference is made to the case as reported in 49 Miss., 33.

The following errors are assigned:

1. The court erred in its order of reference to the commissioner in so far as it directed him to ascertain and report the damages and loss sustained by the appellee, without pointing out in what that loss consisted and giving directions as to how the damage was to be ascertained.

2. There was no notice given of the time and place of taking the account.

3. The court erred in confirming that portion of the commissioner's report which allowed the appellee for the excess of rent he might have collected from his sub-tenant up to December, 1869, and for the balance of the term from any other person to whom he might have sub-leased the premises if the house had not been burned. The report, so far as it allowed the rent to the appellants to May, 1869, of $298.34, should have been confirmed, and the balance of the report disallowed and annulled.

4. The court erred in decreeing that the half interest of the

appellants in the lot should be sold for the alleged balance due appellants of $1,238.85. The decree should have been for the appellants, and against the appellee, for the difference between $298.34 and the half of the taxes paid by appellants— say, $32.19, or, in round numbers, $266.14—and against him and his securities on his bond for whatever of this sum was left after the sale of his half interest in the lot.

5. The court erred in the decree or judgment against Fowler & Payne for $1,238.85, and ordering an execution to issue against them. The court did not have power to grant any such judgment in this cause upon the record.

*W. L. Nugent*, for appellants:

When this case was before this court, and decided on the record as then presented, the court said: "Modern and well considered cases, however, hold that, while the non-observance of covenants to repair may not be the subject of *set-off* in an action for rent, yet that the breach of these covenants constitutes a good defense by way of *recoupment*," citing 7 Hill, 53. See 49 Miss., 73. See, also, 25 Wend., 672; Gales *v.* Green, 4 Paige, 355; Wells *v.* Castles, 3 Gray, 323; Gibson *v.* Perry, 29 Mo., 245; 18 Vesey, 115. The account was not properly stated. The defendant is not allowed to recover any balance. Whatever may be the amount of his damages, they can only be set up by way of *abatement*. 3 Hill (N. Y.), 171. The allowance of the claim, as reported, presupposes the existence of the house, the speculation as to the ability of the appellee to rent for $85, the existence of a tenant, and his certain ability to pay. These damages were purely speculative, and could not be allowed. Darwin *v.* Potter, 5 Denio, 306. The second question is answered by citation from Waterman's Set-off and Recoupment, § 424. The decree was taken under an act to amend the Code of 1871, § 1027. See act of 1873, p. 58. This was not a lien executed by Fowler & Moore, or by contract resting upon the lot, but it was created by the court for the purposes of the suit, and could not be extended beyond the terms of the

decree, so as to become operative as a personal claim; otherwise, the suit would degenerate into an action for unliquidated damages.

*Frank Johnston*, for appellee:

1. The decree rendered April 1, 1874, directed an account to be taken. This decree was merely in execution of the *decree settling the principle of the cause made August 2, 1870.* This decree fixed the *basis* on which the account should be taken. *It was affirmed and became the law of the case.*

2. The notice was given. 2 Danl. Ch. Pr., 1170.

3, 4, and 5. These assignments may be discussed under one head. The matters contained in the decree are *res adjudicata.* McDonald *v.* Green, 9 S. & M., 138; Smith *v.* Elder, 14 ib., 100; Stewart *v.* Stebbins, 30 Miss., 66; Bridgforth *v.* Gray, 39 Miss., 136. The decree settled this: that Moore was a purchaser with notice, and took *cum onere*, and his rights are governed by the rights of Fowler; that defendants should rebuild, and for his refusal complainant was entitled to damages, and in the adjudication it was proper to afford full relief. 1 Story's Eq. Jur., 65–71; Story's Eq. Pl., § 41. The court may grant general relief, if prayed for. Dease *v.* Moody, 31 Miss., 623; Cotton *v.* Ross, 4 Paige, 396; Lingan *v.* Henderson, 1 Black, 252.

Under this rule of practice it was competent to give *full relief*, touching the whole subject-matter of the cause, under the prayer for general relief. This was done, and I respectfully submit that the decree should be affirmed.

CHALMERS, J., delivered the opinion of the court.

This case has been heretofore before us, and will be found reported in 49 Miss., 33, where all the facts, and the conclusions of law arising thereon, are set out with great fullness. It was then remanded for an account to be stated, in accordance with the directions then given. The account has now been stated, and this appeal is from the order confirming the same. A preliminary objection urged is that the account was

stated without proper notice.    The parties were non-residents, and the notice was given, under the orders of the court, by publication for one month in a newspaper, a copy of which was by the clerk transmitted by mail to the proper post-office of defendants.    This we think was sufficient.    Why the notice was not served upon the attorneys of record does not appear. It may be that they had withdrawn from the case.    By the former decree rendered in the cause, which was affirmed here, the commissioner was ordered, in stating the account, to ascertain, 1st, what amount of rent was due complainant up to the giving of notice by him to defendants to rebuild ; and, 2d, what amount of damages complainant had sustained by reason of defendants' refusal to rebuild.

The commissioner, under the first clause of these directions, reported that there was rent due to the amount of $298.34, which, however, should be diminished by one-half amount of taxes paid by complainant on the common property, say $32, deducting which left due the sum of $266.25.    As to this much of the report there is no complaint.

Under the second item of the instructions the commissioner reported that complainant had sustained damages, by defendants' failure to rebuild, to the amount of $1,505.    This result was reached in the following manner :    Complainant had leased the building for five years, at a monthly rental of $50 per month. He had sub-let it for twelve months, at a monthly rental of $85, thus clearing a profit of $35 per month.    The house was destroyed by fire during this under term of twelve months. The commissioner was of opinion, and so reported, that if it had been promptly rebuilt, as was contemplated by the agreement between the parties, it could have been continuously sub-let for $85 per month, and that therefore the damage sustained by complainant, by reason of defendants' refusal to rebuild, was the sum of $35 multiplied by the number of months which had elapsed between such refusal and the taking of the account.

This view was approved by the court.    The rent due by

complainant, $266.25, was subtracted from the amount of damage thus ascertained to have been sustained. A decree for the difference of $1,238.85 was rendered in complainant's favor, and defendants' interest in the lot ordered to be sold therefor. A sale took place under this decree. Defendants' interest in the lot brought $71, which was wholly absorbed by the court costs, and therefore a personal decree over against him was entered for the amount which had been found due. The somewhat surprising result of the whole litigation is this: Defendants had leased the property to complainant for five years, at $50 per month, under a stipulation to keep it in repair. The tenant sub-let it at an advance of $35 per month. The house was destroyed by fire. Defendants declined to rebuild. The court decided that a covenant to repair is a covenant to rebuild, and that, as against a claim for rent, complainant could recoup the damage sustained by defendants' refusal to rebuild. Thereupon complainant obtained a decree over against defendant for $1,200.

It may well be doubted if such a result as this could be properly reached in any state of pleadings, or in any form of action. It is certain that it could not in the present case. The bill was filed to enjoin an action at law which the lessor had brought to recover rents accruing after the burning. It sought, among other things, to set up, by way of recoupment, the damages sustained by the lessee by the lessors' failure to rebuild. It was treated as a plea of recoupment in all the pleadings, and expressly so declared to be by this court in 49 Miss., *supra.* Recoupment is purely defensive, and never carries with it any affirmative relief. It may operate to abate a part or the whole of the plaintiff's demand, but can never justify the rendition of a judgment over against him. Waterman on Set-off and Recoupments, §§ 424, 425; Stow *v.* Yarwood, 14 Ill., 424; Britton *v.* Turner, 6 N. H., 481; Batteman *v.* Pierce, 3 Hill (N. Y.), 171.

So much of the commissioner's report, therefore, as allowed

any damages to complainant beyond the rent found due by him was manifestly improper. Counsel for appellee insists that it cannot be corrected by this court, for two reasons :

1. Because, right or wrong, the principle allowing it was affirmed by the former decision of this court in this case, and it is, therefore, the law of the case, without regard to its merits.

2. Because no exceptions were filed to the report of the commissioners in the court below.

Neither of these objections is sound. The former opinion only settled that complainant was entitled to recoup his damages.

In so holding it was of course implied that the damages should be limited by the rule applicable to this species of defense—that the damages should not exceed the lessor's demand which was being litigated in the action at law. Nor is it necessary to file exceptions to a report which is erroneous in point of law, or which violates the directions upon which it was ordered to be stated. Such report may be attacked on the motion for confirmation, or by appeal from decree of confirmation.

Was the report of the commissioner wrong in allowing the profit of $35 per month beyond the period for which the building had been actually rented for such profit? He reported that, if it had been rebuilt, it could have been readily continued to be let out at the monthly rental of $85, up to the time of the taking of the account. We think it was admissible for the commissioner to inquire whether, in case the house had been rebuilt, it could have been sub-let by the tenant, and at what figure. We cannot say that his estimate as to such prospective rent was too high, because there were no exceptions filed thereto ; and this seems, in connection with what is said above, to illustrate when exceptions to a report are necessary, and when not. As to all matters depending on proof, and confided to the judgment of the commissioner, they are necessary ; as to violations of the principles of law, or of

the directions under which the report is ordered to be stated, they are not.

We are of opinion, therefore, that the report of the commissioner was correct in so far as it allowed complainant damages up to an amount sufficient to abate all demands for rent against him, and erroneous in so far as it was in excess of this.

There was a prayer in complainant's bill for a partition of the land, which was not acted on because the land was sold under the decree herein above alluded to. It will, therefore, be necessary to remand the cause for further proceedings.

The decree confirming the report of the commissioner, as well as the decree of sale, and the final decree confirming the sale and awarding personal judgment against defendants, are reversed, and this cause is remanded for further proceedings in accordance with this opinion.