STERLING PRODUCTS CO. v. WATKINS-GRAY LUMBER CO.

[95 South. 313.   No. 23015.]

1. EQUITY.   *Set-off and counterclaim.   "Recoupment" purely defensive claim, and cannot be used by defendant offensively; jurisdiction of courts of equity to make complete adjustment necessary to ends of justice not affected by statutes allowing set-off and recoupment nor repeal thereof; nonresident complainant ground for equity entertaining, recoupment both defensively and offensively.*

Recoupment in the law courts is purely a defensive claim, and cannot be used by a defendant offensively; but that is not the limit of the power of courts of equity with respect to such claims, for claims of that character had their origin in those courts where they were entertained to prevent injustice. The courts of equity adjusted all conflicting claims between the parties capable of adjustment and necessary to the ends of justice, and their jurisdiction so to do is in no wise affected by statutes allowing set-off and recoupment in the law courts; nor are they affected in any sense by the repeal of such statutes. One of the well-established grounds for courts of equity entertaining recoupment both defensively and offensively is the nonresidence of the complainant.

2. EQUITY.   *Decree for defendant on cross-bill for difference in claims of party for breach of contract held not erroneous.*

Where a complainant, which was a nonresident corporation, sued a defendant, a resident corporation of this state, in a court of equity

to cancel a contract existing between the parties, and to recover damages for an alleged breach of said contract by the defendant, and defendant answered making its answer a cross-bill, claiming that said contract was breached by the complainant, and seeking to recover damages therefor over against the complainant for the difference between their claims, and the court found that defendant was entitled to relief on its cross-bill, and that complainant was indebted to the defendant for damages for such breach in a larger sum than defendant was indebted to the complainant for goods bought by the latter from the former under said contract, and rendered a decree over against complainant for the difference, *held,* there was no error under the principles above stated.   .

APPEAL from chancery court of Forrest county.

HON. V. A. GRIFFITH, Chancellor.

Suit by the Sterling Products Company against the Watkins-Gray Lumber Company. From a decree for defendant, plaintiff appeals. Affirmed.

*C. G. Mayson,* for appellant.

It will be seen that the appellee's claim is for unliquidated damages. If damaged at all, its claim grew out of the same transaction and was recoupment as contra-distinguished from set-off. It would not be a set-off because a set-off is a demand for liquidated damages. The utmost damages that appellee was entitled to recover, if entitled to recover anything at all, was damages to the extent of appellant's demand, two thousand and thirty-seven dollars. Recoupment is purely defensive and never carries with it any affirmative relief. It may operate to abate a part or the whole of the plaintiff's demand, but can never justify the rendition of .a judgment over against him. *Fowler & Moore* v. *Payne,* 52 Miss. 391, 39 So. 218. Recoupment is distinguished from set-off in the three particulars.

First: It carries out the matters connected with the transaction or contract on which the plaintiff's cause of action is founded; second, it matters not if it be liquidated or unliquidated; third, it is not dependent upon any sta-

tutory regulations, but is controlled by the principles of the common law. *Haynes* v. *Slidell Liquor Company,* 99 Miss. 583, 55 So. 356.

The office of a recoupment is a defensive one. *Amory Independent Telephone Company* v. *Cox,* 103 Miss. 541, 60 So. 641.

Recoupment is a defensive rather than an offensive proceeding. *Hoover Commercial Company* v. *Humphrey,* 107 Miss. 810, 66 So. 214.

The appellee's claim being founded on the claim for unliquidated damages, we are convinced that if entitled to recover at all it cannot recover more than the appellants demand. Under the provisions of our statute a demand greater than the plaintiff's can only be interposed by the defendant by way of setoff, and that must grow out of some transaction other and different from the action upon which plaintiff's claim is founded. Set-off takes place only in action on contract for the payment of money, as assumpsit, debt and covenant, and where the claim set-off grows out of a transaction independent of the contract sued on. Bouvier's Law Dictionary, Rawls Revision, Vol. 2, page 988.

A set-off is a counter-demand growing out of an independent transaction, either liquidated or unliquidated, not sounding in damages but subsisting between the parties at the commencement of the suit. 22 Am. & Eng. Ency. of Law, page 211. While on the other hand recoupment is the right of the defendant in the same action to claim damages from the plaintiff either because he has not complied with some obligation of the contract upon which he was sued, or because he has violated some duty which the law imposed upon him in the making or performance of that contract. 22 Am. & Eng. Ency. of Law, page 340.

In addition to the numerous Mississippi authorities so holding, it is stated by a very reliable authority, that; except as authorized by statute, recoupment is generally available only as a defense, and the defendant cannot recover and balance or excess. Sutherland on Damages (3 Ed.) sections 186 and 188.

It appears manifest that the learned court below was
in error in allowing anything over the alleged difference
between complaintant's debt and appellee's supposed
profits.

N. C. HILL, for appellee.

The object and purpose of the parties in making the
contract in question was solely for profits that each could
make therefrom and especially the profits that the appellee
could make therefrom and appellant having breached the
contract as found and determined by the court below, it
being a non-resident of the state of Mississippi domiciled
in Indiana, and having sought to have said contract en-
forced by court of equity is Mississippi and having chosen
its forum, asking for a debt that it claims was owing to
it by the appellee under said contract, now seeks to avoid the
consequences of its own act and to avoid the damages sus-
tained by appellee by reason of its breach of the contract,
saying and endeavoring to get the court to hold that not-
withstanding the breach of contract on our part, you can-
not recover in cross-action for a sum beyond the amount
of its claim against the appellee. In other words, it seeks
the aid of a court of equity in Mississippi to collect a
debt arising under a contract and at the same time says
that the same court of equity cannot allow the appellee
its damages sustained by breach of said contract upon the
part of appellant, and if the court were to so hold, it would
require and necessitate the appellee to resort to a court
in Indiana to enforce its claim for breach of contract.
Now, I submit that the appellant having chosen a court
of equity in which to enforce its claim under said contract
against the appellee, that it cannot be heard to deny the
right of said appellee to claim the damages sustained by
it and established in said court for the breach of said con-
tract upon the part of appellant. It is a well settled prin-
ciple of equity and of the jurisprudence of this state as
well as elsewhere that when a court of equity takes juris-

diction for one purpose, it will draw all other questions involved in said matter to it and that it will have jurisdiction to give full and complete relief to all the parties connected therewith and if this be true, then I submit that when the appellant sought the aid of a court of equity in Mississippi for the recovery of a debt it claimed that was due it arising under said contract, then said court of equity should take into consideration any claims of the defendant, appellee here, for damages either liquidated or non-liquidated, out of the same transaction and give full and complete relief to any of the parties thereto and that is what is sought to be done in this case. I submit that it would be wholly inequitable to permit the appellant to sue for its account under said contract in a Mississippi court and then drive the defendant to a foreign jurisdiction to sue it for a breach of contract under which appellant's claim arose but that the court should try and determine all questions between the parties arising under said contract and do full justice between them, and I submit respectfully that the decree of the chancellor should be affirmed.

I beg to call the court's attention to section 2135, page 333, Volume 3, Elliott on Contracts, which for convenience to the court I quote: "Loss of Profits—Necessity of Certainty of Proof.—It is essential to the recovery of anticipated profits for breach of contract, however, that they shall be established with reasonable certainty and that they shall be the proximate consequence of the breach. It is likewise essential that these profits should have been within the contemplation of the parties at the time the contract was made, or such as should be deemed to have been within their contemplation. Generally where profits are recoverable, the profits for a reasonable period preceding the injury may be taken as a basis of estimate."

I respectfully submit in conclusion that the appellant had no just cause for complaint as the court below was exceedingly liberal to it in allowing its claim against the defendant and for the small amount of damages allowed

by the court for the wilful breach of the contract and I respectfully submit further that the decree below should be affirmed.

ANDERSON, J., delivered the opinion of the court.

This is an appeal from the chancery court of Forrest county by Sterling Products Company, an Indiana corporation, from a final decree against it in favor of appellee, Watkins-Gray Lumber Company, a Mississippi corporation, rendered in a cause in said court wherein appellant was complainant and cross-defendant and appellee defendant and cross-complainant.

Appellant's bill was for the purpose of canceling a contract existing between its predecessor in title, Evansville Brewing Association, also an Indiana corporation, and appellee, by the terms of which the former agreed to sell the latter in carload lots as ordered at prices named in said contract near beer, and to recover of appellee two thousand two hundred fourteen dollars and forty-four cents, the balance alleged to be due by it to appellant for goods sold and delivered under said contract. Appellant sought to cancel said contract on the ground that it had been violated by appellee. Appellee answered, making its answer a cross-bill denying that it had breached said contract, and averring that, on the contrary, it had been breached by appellant by reason whereof appellee had suffered damages in the sum of nine thousand two hundred dollars, which appellee asked to be set off against the claim of appellant, and that it be given a decree over against appellant for the difference. The cause was heard on the pleadings and proof, and a decree rendered in favor of appellee on its cross-bill for four thousand seven hundred thirty-seven dollars, being the difference between six thousand seven hundred seventy-five dollars, the amount of damages the court found appellee had suffered on account of appellant's breach of said contract, and the sum of two thousand thirty-eight dollars, the balance found by the

court to be due by appellee to appellant for goods sold and delivered by the latter to the former under said contract. From that decree appellant prosecutes this appeal.

The only assignment of error of sufficient seriousness to require discussion is that the court erred in rendering a decree over for appellee against appellant for the difference between the claim of the former and the latter.   Appellant's contention is that appellee's claim for damages could only be used to the extent of extinguishing the claim of appellant; in other words, that it could be used only by way of recoupment as in the law courts, and that recovery over for the difference in favor of appellee could not be had. This further statement of the case may serve to make clearer the point involved in our decision thereof. (Appellant succeeded to the rights and obligations of the Evansville Brewing Company, therefore they will be referred to indifferently as "appellant.")  Some time prior and subsequent to the 25th of February, 1918, the United States government maintained near Hattiesburg in this state Camp Shelby for the training of soldiers for the World War.  Appellant was engaged at Evansville, Ind., in manufacturing and selling in large quantities a drink called "Sterling," being a near beer.  The sale of such drinks was a part of appellee's business which it carried on in the Hattiesburg territory, and especially at Camp Shelby. On the date referred to appellant and appellee entered into a written contract by the terms of which appellant agreed to sell and deliver to appellee in carload lots as ordered said beverage, and appellant was to sell said beverage to appellee exclusively in said territory, and the latter was to handle no other beverage of like character in said territory.  The life of the contract was to be measured by the time the government maintained said training camp.  Soon after the contract was executed the parties begun operations thereunder, and in the next few months appellant had shipped appellee under said contract about forty carloads of said beverage, which the latter sold, the purchase price of which, as fixed in said contract, was more than

fifty thousand dollars, all of which appellee had paid appellant before this suit was brought except about two thousand dollars. On the 25th of July succeeding the making of said contract appellant declined to ship appellee any more of said beverage, claiming as a reason therefor that appellee had breached said contract, and thereby appellant was relieved from further carrying it out. After being so notified by appellant, appellee ordered twenty-two carloads of said beverage at different times during the next two or three months after receiving said notice, which appellant failed and refused to ship appellee.

It will be seen, therefore, that appellee's counterclaim was for unliquidated damages growing out of a breach by appellant of the identical contract which was the basis of the latter's suit against the former. And it will be observed that the court in its decree did not stop with extinguishing by way of recoupment appellant's claim with that of appellee, but in addition gave the latter a decree over against the former for the difference between said claims. Manifestly such a judgment could not have been rendered in a court of law for two reasons: First, appellee's claim, being for unliquidated damages growing out of the contract sued on, could not have been used in a court of law as a counterclaim under our set-off statute (section 745, Code of 1906; section 528, Hemingway's Code) as construed by many decisions of this court; second, although such a claim could be used in a court of law by way of recoupment to the extent of extinguishing the plaintiff's claim, the defendant could not recover a judgment over on such a claim against the plaintiff for the difference in their respective demands.

This court has held in several cases, which is in line with the decisions of the courts of this country generally, that, in the absence of any statute, recoupment is purely a defensive claim, and cannot be used offensively in the law courts; that the defendant may use such a claim to extinguish plaintiff's claim upon which suit is brought, but not to recover a judgment over against the plaintiff for

any difference in his favor.  See *Hoover Chemical Co.* v. *Humphrey*, 107 Miss. 810, 66 So. 214; *Amory Tel. Co.* v. *Cox*, 103 Miss. 541, 60 So. 641; *Hayes* v. *Slidell Liquor Co.*, 99 Miss. 583, 55 So. 356; *Fowler* v. *Payne*, 52 Miss. 210.

Do the same principles obtain in a court of equity?  Set-off and counterclaim had their origin in the courts of equity.  Statutes authorizing courts of law to entertain set-off to that extent only adopted principles already recognized in courts of equity.  The doctrine of recoupment by which the plaintiff's recovery may be reduced by means of a claim for damages in favor of the defendant is of very recent origin in the common-law courts, but such counterclaims, as well as claims which may be the basis of set-off under our statute in courts of law, have been long recognized and administered in courts of equity.  The doctrine was found to be absolutely necessary under certain conditions in order to prevent injustice.  In such cases courts of equity in one suit adjusted all conflicting demands between the parties where capable of adjustment.  Their jurisdiction in this respect is in no wise affected by statutes allowing set-off and recoupment in courts of law, nor are they affected in any sense by the repeal of such statutes.  24 R. C. L., sections 12 and 13, pp. 803, 804, and 805.  1 Pomeroy's Equity Jurisprudence (4th Ed.), section 175, p. 223, states the principle thus:

"The doctrine of set-off, by which a defendant may recover judgment for a debt against the plaintiff, is wholly of a statutory origin; and the doctrine of recoupment, by which the plaintiff's pecuniary recovery may be lessened by means of a claim for damages in favor of the defendant, is a very recent innovation upon the common-law methods of procedure.  The modes of procedure in a court of equity have never been thus restricted.  Its decree is not confined to a single adjudication for or against the defendant; but, as a preliminary, and leading up to the final award in favor of either party, or even in the very final award itself being thus partially in favor of both litigants, it may make any adjustments, admit any limitations, and determine

upon any cross-demands and subordinate claims which complete justice done to the parties shall require. The decree in equity can thus easily shape itself to the circum-stances of each case, even when the final relief is only an award of money, or of possession of land or of chattels."

Story in volume 2, Equity Jurisprudence, section 1437, said: "It has already been suggested that courts of equity will extend the doctrine of set-off and claims in the nature of set-off beyond the law in all cases where peculiar equities intervene between the parties. These are so various as to admit of no comprehensive enumeration."

Some of the cases illustrative of the principle here in-volved are: *Ewing-Merkel Electric Co.* v. *Water Co.*, 92 Ark. 594, 124 S. W. 509, 30 L. R. A. (N. S.) 21, and note, 19 Ann. Cas. 1041, and note; *Porter* v. *Roseman*, 165 Ind. 255, 74 N. E. 1105, 112 Am. St. Rep. 222, 6 Ann. Cas. 718, and note; *North Chicago Rolling Mill Co.* v. *St. Louis Ore & Steel Co.*, 152 U. S. 596, 14 Sup. Ct. 710, 38 L. Ed. 565.

Among the well-established grounds for courts of equity entertaining such counterclaims is the nonresidence of the complainant. In such a case it has been repeatedly held that the defendant will not be required to go into a foreign jurisdiction to enforce his counterclaim against the com-plainant; that to so require would be unjust and inequi-table. 24 R. C. L., section 14, pp. 806 and 807.

The case of *Ewing-Merkel Electric Company* v. *Light & Water Co.*, *supra*, is squarely in point. Ewing-Merkel Electric Company was a corporation under the laws of Missouri; it sold the Louisville Light & Water Company, a corporation under the laws of Arkansas, and doing busi-ness therein, machinery for a light plant for one thousand one hundred fifty dollars. There was a written contract of sale by the terms of which the machinery was guaranteed by the seller to be in strictly first-class order and good operative condition. The purchaser paid all the purchase price except one hundred eighteen dollars and four cents, for which the seller sued the purchaser in a law court in Arkansas from which the cause was transferred to a court

of chancery in that state.  The defendant set up by way of counterclaim or cross-action that the complainant had breached its said contract by reason whereof the defendant was damaged in the sum of one thousand fifty dollars, which amount defendant sought to set off against the claim of complainant and recover over against the complainant the difference in their claims.  The trial court granted that relief.  The same objection was made in that case to the allowance of the defendant's claim as is made here.  In discussing the question the supreme court of Arkansas, to which the cause was appealed, quoted with approval the following:

"In *Forbes* v. *Cooper,* 88 Ky. 285. [11 S. W. 24], it is said: 'It is certainly unconscientious for an insolvent party to coerce the payment of his claim when he is owing the other party an equal or larger sum, and thus leave the latter remediless, nor should a nonresident be allowed, under like circumstances, to enforce through the agency of the courts the collection of his debt, and compel the other party to seek a foreign jurisdiction for relief, and then perhaps find the debtor insolvent.  If the object of litigation be the attainment of justice, assuredly such results should be prevented.  Indeed, the doctrine of equitable set-off, to the extent it was formerly applied, was based upon moral justice, and to meet such cases as the above, thus preventing wrong.  It was then not uncommon to stay an insolvent or nonresident debtor in the collection of his claim until damages, to which the complainant might be entitled against him, were liquidated under the order of the chancellor, and then apply them in satisfaction of his independent debt.'

"In *Quick* v. *Lemon,* 105 Ill. 578, it is said: 'It would seem to be inequitable to require the corporation to go to another state to collect its demand in an action at law, and we are inclined to hold that the nonresidence of the complainant, in connection with the fact that he calls upon a court of equity to enforce his judgment, is sufficient to allow the defendant corporation to prove and set off its

demand set up in the cross-bill against the judgment of the complainant.' "

And in concluding its opinion it said: "The rule announced in these cases is a just rule, and should be enforced. We see no good reason for sending a citizen of this state to a foreign jurisdiction to obtain justice when the courts of this state can afford relief. They are as fully competent to afford relief to the citizen as to the nonresident. Why should one in cases like this be accorded greater rights than the other?"

Although the cases were different on their facts from the present case the principle was recognized by our court in *McIntyre* v. *Forbes Piano Co.,* 100 Miss. 517, 56 So. 457, and *Graves* v. *Hull,* 27 Miss. 419, that a court of equity will entertain set-off on behalf of a defendant where it is necessary to prevent injustice, although not of a character to be entertained by a court of law, and that, notwithstanding ordinarily a court of equity will follow the law in such matters, there is an exception to the rule as to equitable set-off where the complainant is a non-resident. In the latter case touching this question the court used the following language:

"As the judgment enjoined stands, it is clear that the debts alleged to be due Hull from Graves would not be the subject of a legal set-off. The equitable circumstances giving the right of set-off were, that the judgment really belonged to Graves, though nominally for the use of White, and that Graves had agreed to credit these claims, in consequence of which Hull had taken no steps to collect them, and, unless that agreement is enforced, that he will lose them; and hence the necessity of resorting to a court of equity. If these facts be true, they furnish sufficient ground for relief in equity. *It is now the settled doctrine in equity,* that if, from the nature of the claim or situation of the parties, justice cannot be done at law, chancery will allow a set-off in a case not within the statute of set-off." (Italics ours.)

If at all practicable when a court of equity takes jurisdiction of a cause it will administer full relief to the parties. It will not be chopped in two and part of it adjudicated here, and the balance sent into a foreign jurisdiction.

The chancellor was justified from the evidence in holding that appellant, and not appellee, breached the contract sued on, and that the damages suffered by the appellee was in contemplation of the parties to said contract, and also in awarding appellee a decree over against appellant for the difference in their claims.

*Affirmed.*