## BROCK, STATE BANK COM'R, v. ADLER.

(Division B. Dec. 13, 1937.)

[177 So. 523. No. 32934.]

Stevens & Foote, of Hattiesburg, for appellant.

**T. J. Wills**, of Hattiesburg, for appellee.

Argued orally by **H. S. Stevens**, for appellant, and by **T. J. Wills**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This cause, in all substantial particulars, was before this court on a cross-bill in the case of Adler et ux. v. Banking Co., 166 Miss. 215, 146 So. 107, 87 A. L. R. 347. Adler, the appellant there, set up in his answer substantially the same subject matter set up in the original bill in the case at bar.

The appellant in this case filed a plea setting up the entire record and proceedings in the former suit and alleging that it constituted res judicata of all matters involved in the present suit. This plea of res judicata, on the hearing, was adjudged to be insufficient.

The present suit was filed after the decision of the former appeal, and is sought to be justified on the theory that the present suit is grounded in tort, and it was not competent to present a defense grounded in tort on the former suit which was founded on contract.

The chancellor, in the former suit, held that the Mort-

gage & Securities Company and the Interstate Trust & Banking Company were agents of Adler, and that the cancellation involved was procured at Adler's instance and request, and that the Interstate Trust & Banking Company did no wrong to Adler, and this decision of the chancellor was affirmed by an equally divided court.

In our opinion the facts alleged in the bill here and in the former suit are the same, and sprang out of the same transactions; and we think that all matters which spring out of the same transactions, or radiate from the same source, may be tried together in a court of equity, and that justice may be administered in whole, in one suit, rather than in piecemeal.

In Griffith's Chancery Practice, section 375, it is said that: "There are three related principles that find constant expression and application in equity procedure; That a multiplicity of suits shall be avoided and prevented whenever practicably possible; that equity will administer justice completely and not in parts, and that the interest of the public is promoted by putting controversy to rest. The practical application of these principles has already been seen in the chapter on parties wherein it is shown that all parties who are interested in the subject matter of the suit ought to be made parties thereto, to the end that the decree, when made, should be one which comprehensively determines all features of the cause, and that no substantial issue in the case should be left open for future consideration." In section 381 of the same work, it is said that, in discussing what is meant by the requirement that the cross-bill shall be germane to the original bill: "It has already been stated that the subject matter of the cross-bill must be germane to the original bill; and it is with respect to this requirement that the chief difficulties in connection with cross-bills are encountered. There is a distinct tendency, however, in the modern decisions, in the direction of a relaxation of the strict and technical rule, so as to permit the settlement in one suit of all demands which dis-

tinctly grow out of any one entire transaction, or out of a series of actually connected transactions, and which are vitally related—and especially so when injustice, circuity of action or delay will be thereby prevented. . . . If the matter introduced by the cross-bill be such that to the end of a just and complete determination of the whole matter as between all the parties to the suit, it will promote the convenient administration of justice and avoid delay and circuity of action, and it be not incongruous, foreign and disconnected as relates to the controversy involved in the original bill, then it is fit to be so introduced and heard, the discretion of the court in respect to it being similar to that which is exercised upon objections to original bills on the ground of multifariousness.'' In a footnote to page 560 of this same work it is said that, after citing Waters v. Bossel, 2 Miss. Dec. 414: ''This matter of set-off must not be confused, as it so often is, with recoupment, for equity, in its procedure, is not concerned with recoupment as that matter is known and practiced in the law courts. Recoupment in law is distinguished from set-off in these particulars; First, it arises out of matter connected with the transaction or contract on which the plaintiff's cause of action is founded; Second, it matters not whether it be liquidated or unliquidated; Third, it is not dependent on any statute, but is controlled by the principles of the common law; and Fourth, it is limited to a defense and cannot be used for a judgment over, citing authorities. But equity is not concerned with this, because in equity if the counter-demand, or counter-claim arise out of, and is germane to, the transaction or contract on which the original suit is founded, it may be made the subject of a cross-bill wholly without any reference to the rules or limitations that apply either to set-off or to recoupment in law. This was the real situation in the case Sterling Products Co. v. Watkins-Gray Lumber Co., 131 Miss. 145, 95 So. 313, and the opinion there merely followed irrelevant arguments on the subject of set-off and

recoupment when, strictly speaking, these subjects were not involved in the case. See ante Cross-Bill, section 381, note 19. An equity case wherein the same confusion existed is Fowler v. Payne, 52 Miss. 210, attention to which is called in Sterling v. Watkins, on Suggestion of Error, 132 Miss. 704, 95 So. 646. Another of confusion as to terms is Simmons v. Ormond (Miss.), 22 So. 875.''

We see no matter in the present original and supplemental bills that was not set up in the cross-bill in the former suit, consequently the plea of res judicata presented a complete defense in the case at bar. The chancery court then had the same power that is sought to be invoked in the present suit. See Code 1930, sections 173, 174.

On the trial of the former suit, three of the judges disagreed with the holding of the court, but, notwithstanding this, the decision there rendered has become the law of the state and a judicial precedent to be followed until overruled. Robertson, Rev. Agt., v. Mississippi Valley Co., 120 Miss. 159, 81 So. 799. Any opinion that the writer might have in a personal and private capacity cannot control a judicial opinion. It is important that there be stability in the law, and that decisions once rendered should be adhered to unless and until a majority of the court, on consideration, decide that the former opinion is not only wrong, but mischievous as well.

The judgment of the court below in overruling the plea of res judicata is reversed and the cause is remanded.

Reversed and remanded.