JOYNER *v.* COLE, et al.

June 14, 1954

No. 39260          67 Adv. S. 72          73 So. 2d 264

*James Stone & Sons,* Oxford; *James B. Boyles,* Batesville, for appellant.

486

*James McClure, Herbert M. Fant,* Sardis, for appellees.

APPELLANT IN REPLY.

McGEHEE, C. J.

This is a companion suit to Cause No. 39259 this day decided, styled Mrs. Helen T. Hays, et al. v. Floyd Cole, et al., except that in the instant case the 80 acres of land involved is described as the W½ of NE¼, Section 35, Township 9, Range 8 W, and was involved in a partition suit filed by John A. Cole, an adult, and Willie Cole, a minor, on February 1, 1892, wherein it was alleged in the petition that the entire NE¼ of said Section, Township and Range, together with other lands belong to the petitioners as "joint owners, each seized and possessed of a one-half undivided interest" therein, and that said land was susceptible to partition in kind between the petitioners, and a decree was rendered in such proceeding on February 23, 1892, wherein it was adjudicated that the said John A. Cole and Willie Cole "are the equal owners as tenants in common of the NE¼, Section 35, Township 9, Range 8" in Panola County, and that "said land is susceptible to division between said parties, * * *, and that it would be to the best interest of the parties that the land should be so divided." The decree appointed three commissioners to partite the land in kind, and on August 23, 1892, a final decree was entered which confirmed the report of the commissioners, allotting and assigning to John A. Cole the E½ of said NE¼ and to Willie Cole the W½ thereof.

Thereafter on February 27, 1904, Willie Cole executed the deed of trust mentioned in the opinion in the companion case, and the W½ of said NE¼ was purchased

at the sale under the deed of trust on February 6, 1905, by the Bank of Batesville, along with the land mentioned in the opinion in the companion suit. Whatever title was acquired by the Bank of Batesville at the foreclosure sale passed by mesne conveyances to the appellant herein Eurel Joyner on December 2, 1945.

Since the two cases involve the construction of the same provisions of the will of James Monroe Cole, deceased, the only question remaining to be decided in this case which was not decided in the companion case is whether or not John A. Cole and his heirs-at-law are bound by the partition decree of August 23, 1892, which formed the basis of the chain of title claimed by the appellant Eurel Joyner under the foreclosure of the deed of trust given by Willie Cole on the W½ of NE¼ of Section 35, Township 9, Range 8 in Panola County and which was set apart to Willie Cole in that partition proceeding.

The complainants, as children and grandchildren of John A. Cole, deceased, allege in paragraph 5 of their bill of complaint, seeking to have the claim of title of the appellant Eurel Joyner cancelled as a cloud upon their title, ''That, by a partition decree rendered by this court (Chancery Court of Panola County) in Cause No. 467 on the 23rd day of August, 1892, and recorded at page 216 of Book B of the minutes of this court (recorded also at page 284 of Book E of the Records of Deeds in the office of the clerk of this court), the above described land was divided in kind between the said John A. Cole and Willie Cole, the West half of said quarter-section being allotted to Willie Cole in lieu of a one-half interest in the entire quarter-section; and that, therefore, within the meaning and intent of paragraph '5th' of said Will, Willie Cole received from the testator's estate the following described land in the Second Judicial District of Panola County, Mississippi, to-wit:

The West half of the Northeast quarter of Section 35, Township 9, Range 8 West, containing 80 acres, more or less.''

Then in Paragraph 6 of their bill of complaint they allege: ''That paragraph '5th' of said will provided that, in the event Willie Cole should die without issue, said land 'shall go to John A. Cole in fee simple'; and that the said Willie Cole died without issue on the 6th day of December 1951.''

The appellant in his answer admits the allegations of both paragraphs 5 and 6 of the bill of complaint, and it is contended by the appellees that since the admission included the allegation ''that therefore within the meaning and intent of paragraph '5th' of the said will, Willie Cole received from the testator's estate'' the W½ of NE¼ of Section 35, Township 9, Range 8 W, the defendant is bound by such admission and therefore the 80 acres which Willie Cole received in the partition suit passed to John A. Cole under paragraph ''5th'' of the will in that Willie Cole died without issue. However, we are of the opinion that this statement as to the effect of the partition suit referred to in the bill of complaint was the mere conclusion of the pleader and that the answer only admitted the fact in regard to the partition decree having been rendered dividing the land in kind between John A. Cole and Willie Cole so as to give Willie Cole the west half of the quarter-section in lieu of a half-interest in the entire quarter-section which he was alleged by the petition in the partition proceeding to own at the time of the filing thereof.

The precise question presented in the instant case is whether or not John A. Cole ever owned any further interest in the 80 acres set apart to Willie Cole in the partition proceeding after the rendition of the decree confirming the division of the 160 acres as made by the commissioners appointed for that purpose. The partition decree is shown by the bill of complaint to have been

rendered on August 23, 1892, and recorded in Book B at page 216 of the Minutes of the Chancery Court and also in Book E at page 284 of the Records of Deeds in the office of the chancery clerk of Panola County, and it was subsequent to the rendition and recordation of this partition decree that Willie Cole executed the deed of trust of February 27, 1904, which was foreclosed with the result that the Bank of Batesville purchased the land on February 6, 1905, and through which sale the appellant claims his title by mesne conveyances. He denied in his answer that the complainants ever acquired any interest whatsoever in the land as heirs-at-law of John A. Cole, deceased, and upon the trial the partition proceedings which had been referred to in the bill of complaint as a part of the complainants' deraignment of title, were introduced by the defendant in opposition to the title asserted by the complainants.

We are of the opinion that John A. Cole, upon the rendition and recordation of the partition decree on the minutes of the court and the deed records of the county became estopped as against the mortgagee of Willie Cole, the purchaser at the foreclosure sale and the subsequent vendees of such purchaser by mesne conveyances, including the appellant as the ultimate vendee, from asserting that Willie Cole did not acquire a fee simple title by partition to the West half of Northeast quarter which was set apart to him in the partition in kind; and that since John A. Cole was estopped to assert a title in opposition to that received by Willie Cole in the partition suit, his heirs-at-law were not entitled to inherit from him any interest in the 80 acres of land in question. Chamblin v. Chamblin, et al., 362 Ill. 588, 1 N. E. 2d 73, 104 A. L. R. 1183; Hawkeye Life Ins. Co. v. Valley-Des Moines, 220 Iowa 556, 260 N. W. 669, 105 A. L. R. 1018; Alsobrook v. Eggleston, et al., 69 Miss. 833, 13 So. 850; Darrow, et al. v. Moore, et al., 163 Miss. 705, 142 So. 447;

and Brock, State Bank Com'r v. Adler, 180 Miss. 118, 177 So. 523.

We are of the opinion that the extent of the title of Willie Cole as a tenant in common with John A. Cole in the entire NE¼ of Section 35, Township 9, Range 8 W was necessarily involved in the partition proceeding in question. It is true that John A. Cole may have failed to invoke the will of James Monroe Cole, whereby he was given a contingent remainder in the undivided interest of Willie Cole in the land described in the petition for partition, but he joined Willie Cole in representing to the court that they each owned an undivided one-half interest in the land involved and was successful in obtaining an adjudication to that effect. Since he asked the court to have the land partited in kind by an equitable division, it necessarily followed that the court had jurisdiction to fully adjudicate the respective rights of the petitioners and the extent of the title possessed by each. John A. Cole being an adult had the right to waive or relinquish his contingent remainder in the 80 acres which were allotted to his co-petitioner Willie Cole, and we think that he did do so when he consented to the partition of the land as made by the commissioners appointed for that purpose. He failed to have the court determine in its decree that the title of Willie Cole in the 80 acres set apart to him was a defeasible fee therein subject to be defeated by the death of Willie Cole without issue. Subsequent encumbrancers and purchasers were entitled to rely upon the title vested in Willie Cole to this 80 acres of land as disclosed by the county records.

But it is urged by the appellees that the appellant did not plead this partition proceeding in his answer but defended the suit on an entirely different ground. The trouble with this contention is that the complainants were required to rely upon the strength of their own title, the deraignment of which disclosed the partition, and the defendant was entitled to introduce the partition pro-

ceeding in support of his denial of the title asserted by the complainants. In other words, the deraignment of title set forth in the bill of complaint showed affirmatively that Willie Cole had obtained title to the 80 acres of land involved in the suit, and had done so under the partition decree whereby his undivided interest in the 160 acres of land was converted into a full interest in the 80 acres allotted to him.

We are, therefore, of the opinion that the decree of the chancellor in favor of the complainants should be reversed, and that a decree should be rendered here in favor of the appellant in this case.

Reversed and decree here for appellant.

*Roberds, Kyle, Holmes* and *Gillespie, JJ.,* concur.